56 | 549
86 | 299

## W. W. ROBINSON *v.* SOULE, THOMAS & WENTWORTH.

1. REPLEVIN. *Forthcoming bond. Discharge in bankruptcy. Judgment.*
   Where a defendant in an action of replevin has given a bond for the forthcoming of the property, and afterwards, becoming bankrupt, receives his discharge in bankruptcy, judgment may be rendered against him for the restoration of the property, notwithstanding his discharge.

2. SAME. *Forthcoming bond. Discharge of principal. Effect as to surety.*
   A surety in a forthcoming bond in replevin is not released from the obligations of the bond by the discharge in bankruptcy of his principal.

3. BANKRUPTCY. *Composition. Creditor not participating unaffected.*
   A composition between a debtor and his creditors generally, under the bankrupt laws, does not affect a creditor of the bankrupt whose claim was not considered in the composition, and whose name was not mentioned in the proceedings thereof.

ERROR to the Circuit Court of Clay County.

Hon. J. M. ARNOLD, Judge.

Soule, Thomas & Wentworth brought an action of replevin against Flaniken & Gerdine, for the recovery of a lot of law-books. Under sect. 656 of the Code of 1871, Shotwell & Fitts were substituted in place of Flaniken & Gerdine, and on the 16th of February, 1874, they gave a bond, with W. W. Robinson as their surety, for the forthcoming of the property, to abide the judgment of the court. After the execution of the bond, Shotwell & Fitts were adjudicated bankrupts, and on the 2d of October, 1877, received their discharge. Also, after the execution of the bond, Robinson was adjudicated a bankrupt; and a resolution of composition passed by

the requisite number of his creditors, in accordance with the bankrupt laws, was confirmed by the bankrupt court, on the 29th of June, 1876. But from the schedule of creditors' names furnished at that time Robinson omitted the names of Soule, Thomas & Wentworth, and they took no part in the proceedings of composition, and had no notice thereof. On the 18th of September, 1877, a trial was had, and a verdict was rendered in favor of the plaintiffs for the property and for damages, but the plaintiffs remitted the damages. The court took the case under advisement. Robinson moved in arrest of judgment, on the ground of the bankruptcy of Shotwell & Fitts, and his own bankruptcy. His motion was overruled; and on the 18th of March, 1878, the court rendered a judgment against Shotwell & Fitts and their assignee in bankruptcy, and against Robinson, that they should restore the property to the plaintiffs, or pay them the value thereof as assessed by the jury; but providing that the judgment should have no operation as to Shotwell & Fitts, except for the recovery of the specific property. To this judgment Robinson alone sued out a writ of error.

*White & Bradshaw*, for the plaintiff in error.

1. The court had no power to render judgment against Shotwell & Fitts after their discharge in bankruptcy. And no judgment could be rendered against Robinson till after their liability was fixed, and then he could only be made responsible to the same extent with them. The obligation of the surety can be no greater than that of the principal, and the discharge of the latter is a release of the former. *Anthony* v. *Capell*, 53 Miss. 350; *Young* v. *Pickens & Green*, 45 Miss. 553; 100 Mass. 450; *Johnson* v. *Collins*, 12 N. B. Reg. 73; *Hamilton* v. *Bryant*, 114 Mass. 543; *Able* v. *Payne*, 7 Bush, 344; *Jones* v. *Knox*, 8 N. B. Reg. 559; 4 Md. 60.

2. Robinson's bankruptcy had the effect to stay or suspend the suit against him; and it could only be prosecuted to judgment by leave of the bankrupt court, for the purpose of

ascertaining the amount due.    *Allen* v. *Montgomery*, 48 Miss.
101 ; U. S. Rev. Stat., sect. 5103 a ; Bump on Bank. (10th
ed.) 688.

*Thomas E. Bugg*, on the same side, filed a brief, citing the
following additional authorities : *Southern et al.* v. *Trustee,
etc.*, 16 N. B. Reg. 414 ; *Gunther* v. *Granfield*, 3 N. B. Reg.
179 ; *Jack* v. *Thompson*, 41 Miss. 49 ; *Whitfield* v. *Whitfield*,
40 Miss. 352.

*L. Brame*, for the defendants in error.

1. The discharge in bankruptcy of Shotwell & Fitts did not
release Robinson, their surety.   U. S. Rev. Stat., sect. 5118 ;
48 N. H. 411 ; 34 N. J. 305 ; 42 Ga. 192 ; Theob. on Prin.
& Surety, 67–80.

2. Robinson was not discharged from liability on the bond
by his own bankruptcy, the defendants in error having taken
no part in the composition proceedings, and having no notice
thereof.    Bankrupt Act of June 24, 1874, sect. 17 ; *In re
Lytle & Co.*, 14 N. B. Reg. 458 ; *Miller* v. *McKenzie*, 20 Am.
Rep. 111 ; *In re Becket*, 12 N. B. Reg. 201.

3. The suit being a proceeding *in rem*, the plaintiffs had a
right to proceed to judgment without leave of the bankrupt
court, and the Circuit Court had the power to give judgment
for the restoration of the specific property.    *Scott* v. *Kelley*,
22 Wall. 57 ; *Eyster* v. *Gaff et al.*, 91 U. S., 521 ; 14 Wall.
419 ; 16 Wall. 551 ; Bump. on Bank. (5th ed.) 1756 ; 4 N. B.
Reg. 1.

CAMPBELL, J., delivered the opinion of the court.

The discharge in bankruptcy of Shotwell & Fitts did not
prevent the rendition, " in said suit," of a judgment for the
restoration of the goods ; and, as plaintiff in error was bound
by his undertaking, as surety on the replevin bond, for the
forthcoming of the goods, " to abide the judgment of the court
in said suit," he was not released from his obligation by the
discharge of Shotwell & Fitts.    *Eyster* v. *Gaff et al.*, 91 U.
S. 521 ; *Wolf et al.* v. *Stix* (MS.), U. S. Sup. Ct.

The bankruptcy of plaintiff in error, followed by a composition with creditors, with no mention of defendants in error as creditors, did not furnish a reason for refusing or delaying judgment against him.

Judgment affirmed.