WILLIAMS & FREEMAN *v*. H. T. BOSWORTH.

[59 South. 6.]

1. JUDGMENT. *Lien. Effect of appeal. Bankruptcy of principal. Judgment: Discharge of surety.* *Code* 1906, *sections* 818, 819.

Under Code of 1906, section 818, so providing, the clerk is required within twenty days after the adjournment of each term of court to enroll all final judgments rendered at that term in the order in which they are entered on the minutes; and in the absence of proof he is supposed to have done so. Under section 819 so declaring a judgment so enrolled shall be a lien on and bind all the property of the defendant within the county where so enrolled from the rendition thereof, etc. Under these two sections of the Code, whenever a judgment is enrolled it becomes a lien upon and binds all property of the defendant in the county where

so enrolled even though an appeal with *supersedeas* may have
been actually taken immediately after the rendition of the judg-
ment and before the enrollment.

2. Appeal Bond. *Bankruptcy of principal.  Discharge of surety.*

Under sections 60a, 67c and 67b, of the bankrupt law providing
that a judgment lien enrolled more than four months prior to
bankruptcy, shall not be disturbed by the bankrupt proceedings;
where judgment was recovered and became a lien by enrollment
more than four months prior to the bankruptcy of the judgment
debtor, a subsequent bankruptcy, pending an appeal from such
judgment, will not relieve sureties on the bond given for such
appeal, so as to entitle them to discharge therefrom.

Appeal from the circuit court of Jones county.

Hon. Paul B. Johnson, Judge.

Suit by H. T. Bosworth against Williams & Freeman.
A judgment was rendered in favor of plaintiff, from
which defendants appealed, and after they had become
bankrupt a motion was made by their sureties on their
appeal bond to be relieved from liability.

The facts are fully stated in the opinion of the court.

*R. E. Halsell* and *Sidney Freeman,* for appellant.

*Shannon & Street,* for appellee.

No brief of counsel on either side found in the record.

Mayes, C. J., delivered the opinion of the court.

This case is before the court on a motion made by the
bondsmen of appellant, seeking to be released from lia-
bility on an appeal bond.  The substance of the motion
is about as follows: "Come the appellant and sureties
on the bond of appellant in the above-styled cause, and
suggest to the court that appellant has been adjudicated
a bankrupt in the district court of the southern district
of Mississippi, as shown by the exhibits filed with the mo-
tion."  The appellant and sureties, jointly and sepa-
rately, then move the court to adjudge that the sureties
be released from liability on the appeal bond because
of the facts above stated.

The facts, in so far as they relate to the merits of the motion, are about as follows: The record shows that on the 11th of January, 1910, H. T. Bosworth sued the firm of Williams & Freeman for the sum of twelve hundred and fifty dollars, claimed as damage due him for the breach of a contract on the part of Williams & Freeman in failing to deliver certain cotton purchased by Bosworth from them before that time. This suit resulted, on April 7, 1911, in a final judgment in favor of Bosworth for the sum of one thousand dollars. From this judgment an appeal was prosecuted to the Supreme Court, and a *supersedeas* bond was given in the sum of twenty-one hundred dollars on the 19th of May, 1911, signed by the principal and the sureties now making this motion. After the rendition of this judgment, and twenty days after the adjournment of the court it became the duty of the clerk, under section 818 of the Code of 1906, to enroll the judgment in his office, and in the absence of any showing to the contrary we presume that the clerk has fulfilled his duty and enrolled the judgment as the law requires. When this judgment was enrolled it became a lien, under section 819 of the Code, and bound all of the property of the defendant within the county where so enrolled from its rendition. The petition in bankruptcy was not filed until February 1, 1912, nine months or more after the judgment had been rendered and become a lien.

The taking of the appeal and giving the *supersedeas* bond did not, under the case of *Grayson* v. *Harris*, 58 South. 775, have the effect of releasing any previously acquired liens; but the effect of the appeal was simply to stay proceedings and preserve all previously acquired liens, and hold conditions as they were. But in this case, if the appeal and *supersedeas* had been taken immediately after the rendition of the judgment and before it was enrolled, it would have made no difference, because the

lien attaches when the judgment is enrolled in a circuit court judgment, even though the appeal with *supersedeas* is taken before the expiration of twenty days, since that is the time allowed by law for the enrollment. In other words, under sections 818 and 819 of the Code of 1906, whenever a judgment is enrolled it becomes a lien upon and binds all property of the defendant in the county where so enrolled, even though an appeal with *supersedeas* may have been actually taken immediately after the rendition of the judgment and before the enrollment.

Now, under section 60a of the bankrupt law all liens acquired four months before the filing of the petition remain valid liens under the bankrupt laws, and are not disturbed by any bankruptcy proceedings. It is clearly seen, therefore, that in so far as this judgment is concerned the proceedings in bankruptcy did not affect it in any way. The status of all parties was fixed long prior to the bankruptcy proceedings, and in a way that left them unaffected when the petition was filed. In so far as this judgment is concerned, the liability of the parties is as if there had been no bankruptcy proceedings at all. See note "f," Collier on Bankruptcy, p. 784. The bankrupt law leaves to each state the right to say when a lien is established by virtue of its law. It is not intended by the bankrupt law to disturb vested rights under liens acquired more than four months before the petition in bankruptcy, and each state determines when a lien exists according to its own laws.

In the case of *Goyer Co.* v. *Jones,* 79 Miss. 253, 30 South, 651, it was held that a surety on an appeal from the judgment of the justice of the peace under section 82, Code 1892, ceased to be liable on same where the principal was discharged in bankruptcy pending the appeal; his liability not being continued by section 16 of the bankrupt act of 1898. But that case has no application here, for the reason that it was not shown that the judgment of the justice of the peace had become a lien

in any way. In other words, the appeal from the justice of the peace court, there being no lien, superseded everything, and left the case to be tried *de novo* in the circuit court. This made of the case simply a pending cause; that is to say, a mere claim of the Goyer Company against Jones. There was no judgment, it having been nullified by the appeal; there was no lien, it having never been enrolled. But this is not the attitude of this case, and the judgment in this case is of greater force and stands in a very different attitude from that of a justice of the peace court. In the case of *Robinson* v. *Soule,* 56 Miss. 549, this court held that where a defendant in an action of replevin had given a bond for the forthcoming of the property and afterwards became a bankrupt, it was proper to render a judgment against him for the restoration of the property, notwithstanding his discharge, and the surety on the bond was not released from the obligations of the bond by the discharge in bankruptcy. In the case of *Smith* v. *Lacey,* 86 Miss. 295, 38 South. 311, 109 Am. St. Rep. 707, it was held that the discharge in bankruptcy of the party principally liable does not preclude a creditor whose attachment has been levied upon the property of the bankrupt, more than four months before the bankruptcy proceedings, from entering such a qualified judgment against the bankrupt as will charge his sureties on a forthcoming bond, since the bankrupt act recognizes as valid attachments so levied and preserves the liability of sureties. In other words, the reason why the bondsmen were not discharged in this case was because a lien had been fastened by virtue of the attachment on the property. In this case a judgment had already been entered against the principal, and a lien was created by virtue of the judgment against all of the property, save that which was exempt. In taking judgment against the sureties in this case, it is surely permissible to take any additional qualified judgment against the principal as is made necessary in order to enforce

this valid lien as against the sureties who have· interposed and prevented its enforcement.

Under sections 67c and 67f of the bankrupt law all liens obtained in pursuance of any suit or proceeding, at law or in equity, are undisturbed by bankrupt proceedings, if the liens have been acquired more than four months before the filing of the petition.    In case this judgment should be affirmed by this court, the judgment of this court speaks, as to previously acquired liens, not from the date of rendition, but from the date of the rendition of the judgment in the trial court.    The rights acquired by appellee were acquired nine months before this petition in bankruptcy was filed, and are unaffected by bankruptcy pending this appeal.    We have some doubts as to whether or not it was proper to make this motion and raise the question in this way; but, since those in opposition to the motion interposed no objection of this kind, we waive inquiry on this line and determine the motion on its merits.

The motion is denied.

*Motion denied.* ·