BLASS, Justice,
for the Court:
This case grows out of a dispute over family health insurance policies, and is before us on a motion by the defendant to dismiss the plaintiffs’ appeal. The parents and one child were plaintiffs, suing to collect hospital and medical expenses, with the insurance carrier defending and seeking to cancel the policies because of alleged false representations made by the appellants in the application. The parties entered into negotiations for settlement. There was a dispute as to whether an agreement was reached. As to the merits of that dispute we express no opinion, because the question is not before us.
On February 10, 1987, the trial court heard and decided a motion of plaintiffs’ original counsel to be relieved and for attorney fees, and a Motion to Enforce Settlement Agreement. All named parties to the action were before the court and represented by counsel. The judgment of the court was that the parties had settled the case. The court fixed certain attorney fees and ordered them paid. No appeal was taken from this judgment.
In July of 1987, one of the original lawyers for the plaintiffs, not having been paid, moved the court to require the order of February 10, 1987, to be carried out. An order “Sustaining the Motion to Enforce the Order of February 10, 1987” was entered, on July 22, 1987. The plaintiffs continued to refuse to carry out the settlement found by the February 1987, order to have been made. The unpaid attorneys, on August 28, 1987, filed another motion to carry out the February order. On October *74 21, 1987, the court entered a second order to carry out its February order. The October judgment is directed only to carrying into effect the adjudications made in the February judgment. On October 16, 1987; the plaintiffs filed a notice of appeal from the order “entered on September 16, 1987.” There is no such order. We assume that the plaintiffs intended to appeal from the order of October 21, 1987. Miss.Sup.Ct.R. 4(b). The issue, resolved on February 10, 1987, was whether or not the parties had made an enforceable settlement. The court said, “Yes.” No appeal was taken from the February 1987 order. More than six months passed. The result is that this Court has no jurisdiction to hear the appeal. Miss.Sup.Ct.R. 4(a), See also Charlie Tuggle, Jr. v. Ralph Williamson, et al., 450 So.2d 93 (Miss.1984). We point out and emphasize the fact that we are without jurisdiction in this proceeding to pass upon the merits, extent, or impact of the February judgment, which, of course, is not binding on unnamed persons.
The trial court also lost jurisdiction as to the merits, Miss.R.Civ.P. 59 and 60, but still retains jurisdiction to cause its orders to be executed. See Tuggle, supra. The only effect of the Court’s October 21, 1988, order was to enforce the February 1987 order.
The motion to dismiss the appeal is sustained.
MOTION TO DISMISS SUSTAINED.-
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON and PITTMAN, JJ., concur.
SULLIVAN, J., dissents.