587 So.2d 898 (1991)
Emmitt Russell BRUCE
v.
Rebecca Annell S. BRUCE (Barnett).
No. 90-CA-0482.
Supreme Court of Mississippi.
October 2, 1991.
*899 Paul E. Rogers, Davis & Rogers, Jackson, for appellant.
Barry W. Gilmer, Gilmer Law Firm, Jackson, for appellee.
En Banc.

PETITION FOR REHEARING ON MOTION TO DISMISS
ROBERTSON, Justice, for the Court:

I.
This matter is before the Court on Petition for Rehearing of Rebecca Annell S. Bruce Barnett ("Barnett"), Appellee here, who seeks reconsideration and reversal of our decision and opinion of March 27, 1991. That opinion denied Barnett's Motion to Dismiss the appeal of her ex-husband, Emmitt Russell Bruce ("Bruce"). Central to Barnett's motion is her claim that Bruce has failed to file and serve an effective notice of appeal within the time allowed by law. The issue turns on when the time for filing notice of appeal began to run which, itself, turns on the correct legal characterization and effect of a post-trial motion Barnett filed below.
Upon review we find that our original opinion proceeded upon an erroneous premise  that Barnett's post-trial motion was one under Rule 60(b), Miss.R.Civ.P. Barnett's motion urged reconsideration of matters properly within the merits of her claim and was filed within ten legal days of the judgment. The order adjudging the matters the motion tendered became in law the final judgment. Bruce filed no notice of appeal within thirty days thereafter.
We grant the Petition for Rehearing, withdraw our previous opinion, and grant Barnett's Motion to Dismiss Bruce's appeal, for reasons presently to be stated.

II.
In 1975, the Chancery Court for the First Judicial District of Hinds County, Mississippi, entered its final judgment granting Rebecca Annell S. Bruce (Barnett) and Emmitt Russell Bruce a divorce and making extensive provisions for child custody, support, and the like. Several modification proceedings followed, of no consequence today.
On June 8, 1989, Barnett returned to the Chancery Court, filing her Motion For Contempt And Other Relief, raising a plethora *900 of issues. The matter proceeded to trial. Of importance, the Chancery Court, on April 20, 1990, entered and filed Judgment Modifying Former Decree and therein adjudged thirteen separate issues, ranging from custody, to medical insurance, to college expenses. On the sixth day thereafter  April 26, 1990  Bruce filed in the Chancery Court his notice of appeal to this Court.
On the eleventh day  May 1, 1990  Barnett filed and served a Motion To Amend Judgment. In that motion, Barnett said she was proceeding under Rule 59 and 60, Miss.R.Civ.P., and asked the Chancery Court to make "proper findings of fact relative to child support and set the commencement date for the payment of child support and accurately fix the payment of college expenses." On June 1, 1990, the Chancery Court entered an Order Amending Judgment which did in fact amend the April 20, 1990, Judgment, in accordance with Barnett's motion. The amendment affects only one of the thirteen paragraphs of the original Judgment. It effects no substantive change there, merely clarifying the time when Bruce's payments will be due. See Fultz v. Doss By Doss, 507 So.2d 891, 893 (Miss. 1987).

III.

A.
Barnett now says that Bruce's appeal should be dismissed. She says his Notice given April 26, 1990, was fatally premature and was ineffective to perfect an appeal. The reason this is so, according to Barnett, is that her May 1, 1990, motion operated to stay the running of the time for perfecting an appeal and that this stay related back to April 20, so that the thirty day time clock did not then begin to tick. Barnett says there was no appealable final judgment until the Order Amending Judgment was entered June 1, 1990, and that any notice filed prior to that time was legally ineffective to perfect an appeal. Bruce filed no notice of appeal within thirty days from June 1, 1990, and, because of this, Barnett says his appeal should be dismissed. See Rules 2(a)(1) and 4(d), Miss.Sup.Ct.Rules; Tandy Electronics, Inc. v. Fletcher, 554 So.2d 308 (Miss. 1989).
The issue turns on whether Barnett's May 1, 1990, Motion to Amend Judgment was, in legal effect, a motion to alter or amend a judgment under Rule 59(e), Miss. R.Civ.P.,[1] or a motion for relief from judgment or order made under Rule 60(b), Miss. R.Civ.P.[2] If her motion was a Rule 59(e) *901 motion, other rules decree she must prevail here.
Barnett correctly perceives the matter as governed by the structure of Rule 4, Miss.Sup.Ct.Rules, fixing the time for filing notice of appeal.[3] Our general rule, of course, is that notice must be given within thirty days of the date of the entry of the judgment or order appealed from. Rule 4(a), Miss.Sup.Ct.Rules; Pittman v. Commonwealth National Life Insurance Co., 562 So.2d 73, 74 (Miss. 1990) ("more than six months passed"); Moore v. Wax, 554 So.2d 312, 313 (Miss. 1989) (one day late). A Rule 59 motion to alter or amend judgment or for a new trial interrupts the running of the thirty day time period. Rule 4(d)(iii) and (iv), Miss.Sup.Ct.Rules; King v. King, 556 So.2d 716, 721 (Miss. 1990) (Robertson, J., concurring). It stays the judgment and relates back, for all purposes resetting the appeals clock to the moment that judgment was entered and holding it there pending the motion. Rule 4(d) provides further:
A notice of appeal filed before the disposition of any of the above motions [including Rule 59(e) motions] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of a motion as provided above.
A notice of appeal given before the filing of a timely filed Rule 59 motion is similarly of no effect. See Ex Parte Andrews, 520 So.2d 507 (Ala. 1987).
The Supreme Court has explained the structure and theory of identically worded Federal Rules.
Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to "alter or amend the judgment" shall be filed within 10 days of the entry of judgment. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that a notice of appeal filed [before or] while a timely Rule 59(e) motion is pending has no effect. Together, these Rules work to implement the finality requirement ... by preventing the filing of an effective notice of appeal until the District Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise might appear to be a final judgment.
Osterneck v. Ernst & Whinney, 489 U.S. 169, 173-74, 109 S.Ct. 987, 990, 103 L.Ed.2d 146, 153 (1989). Professor J.W. Moore has aptly described the effect of a Rule 59 motion on a previously filed notice of appeal: "The appeal simply self-destructs." 9 Moore's Federal Practice ¶ 204.12[1], p. 4-70, n. 17 (1989). The Supreme Court has consistently enforced this view. Osterneck v. Ernst & Whinney, supra; Griggs v. Provident Consumer Discount Company, 459 U.S. 56, 60-61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225, 229-30 (1982); see also, Echevarria-Gonzales *902 v. Gonzales-Chapel, 849 F.2d 24, 26 (1st Cir.1988).

B.

1.
Barnett labels her post-trial motion a "Motion to Amend Judgment," and our question is what manner of motion this is. In paragraph five of her motion, Barnett adds uncertainty when she says it is "filed pursuant to Rules 59 and 60, Mississippi Rules of Civil Procedure." The label and this language are equivocal and without controlling effect. In cases such as this we disregard the label or title attached to a pleading or motion and look to its content. Williams v. Mason, 556 So.2d 1045, 1050 (Miss. 1990); Shannon v. Henson, 499 So.2d 758, 762 (Miss. 1986); Peeples v. Yarbrough, 475 So.2d 1154, 1156-57 (Miss. 1985); Moore v. Moore, 451 So.2d 226, 227 (Miss. 1984); Thornton v. Breland, 441 So.2d 1348, 1349 (Miss. 1983).

2.
One fact shedding light on the point is the date Barnett moved. Cannon v. Cannon, 571 So.2d 976, 978, n. 2 (Miss. 1990). Her right to proceed under Rule 59 was temporally limited. A motion under Rule 59 "shall be served not later than ten days after entry of the judgment." Rules 59(b) and (c), Miss.R.Civ.P.; see Fultz v. Doss By Doss, 507 So.2d 891, 893 (Miss. 1987). The judgment was entered April 20, 1990. The tenth day was April 30, 1990, a Monday. See Rule 6(a), Miss.R.Civ.P. Barnett, in fact, both filed and served her Motion To Amend Judgment on the eleventh day, May 1, 1990. This might ordinarily suggest the motion falls under Rule 60(b). See Cannon v. Cannon, 571 So.2d at 978.
Rule 6(a), however, provides that the last day of a time period allowed under the Rules may not fall on "a legal holiday," and proceeds to prescribe that "legal holiday" as used in the Rules includes "the last Monday of April (Confederate Memorial Day)." April 30, 1990, was the last Monday of April and was, in fact, observed as Confederate Memorial Day. Miss. Code Ann. § 3-3-7 (Supp. 1990). This meant that Barnett had until the next day, May 1, 1990, within which to file and serve a Rule 59 motion and that the Motion to Amend Judgment she did, in fact, file was eligible for consideration under Rule 59.[4]
The United States Court of Appeals for the Tenth Circuit has spoken to the point.
This Court has consistently held that regardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e).
Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703 (10th Cir.1988). Barnett's is such a motion. It was filed within ten legal days of the April 20, 1990, judgment, although it raises only technical and clarifying questions.
The Fifth and Eleventh Circuits enforce this "bright line" rule. Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir.1988); Ross v. Global Marine, Inc., 859 F.2d 336, 338-39 (5th Cir.1988). United States Fire Insurance Co. v. Schnabel, 504 P.2d 847, 853 n. 18 (Alaska 1972), considering Alaska's identically worded rules, suggests such a motion should be considered as one under Rule 59(e) even though the movant designates it as under Rule 60(b); see also, 9 Moore's Federal Practice ¶ 204.12[1] (2d Ed. 1989).

3.
The question becomes whether, because Barnett's motion was eligible for consideration under Rule 59(e), we are required to so treat it, for if that be the case, there is no escaping the fact that Rule 4(d) precludes our giving any effect to the notice of appeal Bruce gave on April 26, 1990. Whether a post-trial motion be considered under Rule 59(e) or Rule 60(b) is a matter of considerable importance, and we fear our decision in King v. King, 556 So.2d 716 (Miss. 1990), did little to clarify the matter.
Identifying that which the motion seeks is a major criteria for deciding which rule it *903 falls under. For example, in Fultz Rule 59(e) was
not applicable because Fultz was not attempting to "alter or amend" the judgment. She was simply trying to have the court make the judgment conform to what was originally pronounced.
Fultz, 507 So.2d at 893, thus implicating Rule 60(a) as well as Rule 60(b)(2). Movant in Pittman v. Commonwealth National Life Insurance Co., 562 So.2d 73 (Miss. 1990), sought an order enforcing a prior judgment, and we held neither Rule 59 nor Rule 60 afforded a procedural vehicle, although the trial court "retain[ed] jurisdiction to cause its orders to be executed." Pittman, 562 So.2d at 74.
A brief perusal of the cases reflects a powerful federal preference[5] for treating motions, such as that Barnett has filed and at issue today, under Rule 59(e) rather than Rule 60(b). Construing an identically worded rule, the Supreme Court has held Rule 59(e) embraces motions urging "reconsideration of matters properly encompassed in a decision on the merits," Buchanan v. Stanships, Inc., 485 U.S. 265, 267, 108 S.Ct. 1130, 1131, 99 L.Ed.2d 289, 293 (1988), quoting White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982). Applying this general premise, the Court has held within Rule 59(e) a motion for pre-judgment interest because the claim "is an element of plaintiff's complete compensation." Osterneck v. Ernst & Whinney, 489 U.S. 169, 175, 109 S.Ct. 987, 991, 103 L.Ed.2d 146, 154 (1989) (quoting from other cases). By way of contrast, motions for reassessment of costs or for attorneys fees lie outside Rule 59(e), because they are "collateral" and do not seek a change in the judgment but "merely what is due because of the judgment." Buchanan v. Stanships, Inc., 485 U.S. at 267-68, 108 S.Ct. at 1131, 99 L.Ed.2d at 293-94; White v. New Hampshire Dept. of Employment Security, 455 U.S. at 451, 102 S.Ct. at 1166, 71 L.Ed.2d at 331.

4.
The point is of more than academic concern, and for three reasons.
First  and outcome determinative today  knowing whether the motion is one under Rule 59 or Rule 60 has everything to do with the time within which any appeal must be perfected. Among other differences, Rule 59 motions stay the running of the thirty day time period and the enforce-ability of the judgments. See Rule 62(a), Miss.R.Civ.P., and Rule 4(d), Miss.Sup.Ct. Rules. Rule 60 motions do not. See Official Comment to Rule 60, Miss.R.Civ.P.
Second, Rule 59(e) motions go to the heart of the matter to those issues predicate to a decision on the merits. Finch v. City of Vernon, 845 F.2d at 258. Rule 60(b) is for extraordinary circumstances, for matters collateral to the merits, and affords a much narrower range of relief than Rule 59(e). Rule 60(b) "specifies certain limited grounds upon which final judgments may be attacked... ." Comment, Rule 60, Miss.R.Civ.P. "[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d *904 521, 530 n. 7 (1978). In Stringfellow v. Stringfellow, we followed the federal view of its similarly worded rule and said
Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief... . Additionally, it has been said that a party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence; gross negligence, ignorance of the rules, or ignorance of the law is not enough.
Stringfellow, 451 So.2d at 221; see also, Accredited Surety & Casualty Co. v. Bolles, 535 So.2d 56, 59 (Miss. 1988). No doubt there is overlap between the rules  we know of no grounds for relief within Rule 60 that are not also grounds for relief under Rule 59(e), if only they be timely sought  but, fundamentally, Rule 60(b) is not an escape hatch for lawyers and litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies. Rule 60(b) is designed for the extraordinary, not the commonplace.
A loose but apt analogy may be found in our criminal practice. A Rule 59(e) motion is the functional equivalent of a motion for a new trial or, on appeal, of a petition for rehearing. A Rule 60(b) motion is the functional equivalent of an application for post-conviction relief.
Third, the movant under Rule 59 bears a burden considerably lesser than a movant under Rule 60(b). When hearing a motion under Rule 59(e), a trial court proceeds de novo, if not ab initio. Recognizing that to err is human, Rule 59(e) provides the trial court the proverbial chance to correct its own error to the end that we may pretermit the occasion for a less than divine appellate reaction. Rule 60(b) motions, on the other hand, proceed on the assumption that the trial court has entered a valid and enforceable judgment which has become final. When considering such a motion, the trial court proceeds under Rule 60(b)'s mandate that finality considerations be balanced against any equities movant may assert. Finality of judgments as a policy reason for denial is not nearly so strong when the motion is under Rule 59(e) as when Rule 60(b) is invoked. Put otherwise, the trial court has considerably broader discretionary authority under Rule 59(e) to grant relief than it does under Rule 60(b).

IV.
For all of these reasons, we hold, as a matter of the construction of our Rules 59 and 60, where a motion calls into question the correctness of all or any part of a judgment, even though the corrections sought be fairly characterized as clarifying or technical only, and where the motion is filed within the time allowed by Rule 59, we will presume that the motion has been filed under Rule 59 without regard to how it may be styled.
Barnett's motion, filed on May 1, 1990, addressed matters properly encompassed in the April 20 judgment on the merits. It was filed within ten legal days. Because of these two facts in combination, Barnett's motion effected the stay under Rule 4(d) and, more precisely, brought into force and effect Rule 4(d)'s injunction that the previously-filed notice of appeal be held for naught and that an appeal could be perfected only upon the filing of a new notice after the Motion to Amend Judgment be ruled upon.
PETITION FOR REHEARING ON MOTION TO DISMISS GRANTED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, PITTMAN, and McRAE, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.
BANKS, J., not participating.
NOTES
[1] Rule 59, in relevant part, reads:

RULE 59. NEW TRIALS; AMENDMENT OF JUDGMENTS
* * * * * *
(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment.
[2] Rule 60, in relevant part, reads:

RULE 60. RELIEF FROM JUDGMENT OR ORDER
* * * * * *
Mistakes; Inadvertence; Newly Discovered Evidence: Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. Leave to make the motion need not be obtained from the appellate court unless the record has been transmitted to the appellate court and the action remains pending therein. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action and not otherwise.
[3] Rule 4, in relevant part, reads:

RULE 4. APPEAL AS OF RIGHT  WHEN TAKEN
(a) Appeals and Cross-Appeals in Civil and Criminal Cases. In a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to this Court the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from. If a notice of appeal is mistakenly filed in this Court, the clerk of this Court shall note on it the date on which it was received and transmit it to the clerk of the trial court and it shall be deemed filed in the trial court on the date so noted.
* * * * * *
(d) Post-trial Motions in Civil Cases. If a timely motion under the Mississippi Rules of Civil Procedure is filed in the trial court by any part: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of facts, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.
[4] Contrast Moore v. Wax, 554 So.2d at 513 (legal holiday does not enlarge movant's time unless it is the "last day of the period so computed").
[5] It is important we remember that, in all relevant particulars, Rules 59(e) and 60(b), Miss. R.Civ.P., are worded verbatim the same as Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. We have consistently and almost routinely said that, where this is the case, the federal construction of the counterpart rule will be "persuasive of what our construction of our similarly worded rule ought to be." See Smith v. H.C. Bailey Companies, 477 So.2d 224, 233 (Miss. 1985); Bourn v. Tomlinson Interests, Inc., 456 So.2d 747, 749 (Miss. 1984). We have followed this approach in construing our Rule 8, Miss.R.Civ.P., Stanton & Associates, Inc. v. Bryant Construction Co., 464 So.2d 499, 505 n. 5 (Miss. 1985); Rule 19, Miss.R.Civ.P., Ladner v. Quality Exploration Co., 505 So.2d 288, 290-91 (Miss. 1987); Rule 24, Miss.R.Civ.P., Guaranty National Insurance Co. v. Pittman, 501 So.2d 377, 381-82 n. 2 (Miss. 1987); and Rule 56, Miss. R.Civ.P., Brown v. Credit Center, Inc., 444 So.2d 358, 364 n. 1 (Miss. 1984), among others. We have specifically followed this policy in the construction of Rule 59, Miss.R.Civ.P., Clark v. Viniard By and Through Viniard, 548 So.2d 987, 991 (Miss. 1989); and Rule 60(b), Miss.R.Civ.P., Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss. 1984); see also, Bryant, Inc. v. Walters, 493 So.2d 933, 935-39 (Miss. 1986).