# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-00239-SCT

*JERRY FITCH, SR.*

*v.*

*JOHNNY VALENTINE*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/25/2006 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DION JEFFERY SHANLEY |
| | S. DUKE GOZA |
| ATTORNEYS FOR APPELLEE: | MICHAEL ALFRED JACOB, II |
| | RALPH EDWIN CHAPMAN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 01/11/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE COBB, P.J., DIAZ AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     Following the entry of a $756,500 judgment against him, Jerry Fitch, Sr., appealed. Thereafter, Fitch secured a letter of credit from the Bank of Holly Springs for $943,000, which the Circuit Court of Marshall County approved in lieu of a supersedeas bond, staying execution of the judgment. Fitch subsequently filed a motion to cancel judgment, which Johnny Valentine opposed. The circuit court denied Fitch's motion based upon lack of jurisdiction. From that order, Fitch brings this appeal.

# FACTS

¶2. On December 21, 1999, Valentine sued Fitch in the Circuit Court of Marshall County alleging alienation of affection. Following a jury trial, judgment was entered by the circuit court on April 12, 2005, awarding Valentine $642,000 in actual damages and $112,500 in punitive damages. That same day, Fitch filed motions for judgment notwithstanding the jury verdict, new trial, and remittitur. On August 24, 2005, the circuit court entered an order denying each of Fitch's motions. On September 16, 2005, Fitch filed his notice of appeal.

¶3. On September 19, 2005, the Bank of Holly Springs issued a letter of credit for Fitch in a "sum not to exceed [$943,000]." The letter of credit specifically provided that:

> [t]he Bank understands that this Letter of Credit is being given to the Circuit Clerk of Marshall County, Mississippi, as security for a judgment. Therefore the Bank pledges to the Court and the Circuit Clerk of Marshall County that the collateral of the Letter of Credit will not be released until such time as the Court or Clerk informs the Bank that the Letter of Credit *will no longer be necessary to protect the judgment in question*.

(Emphasis added). On September 27, 2005, the circuit court entered an order approving the letter of credit in lieu of a supersedeas bond and staying execution of judgment. This order was unopposed by Valentine.

¶4. On December 7, 2005, Fitch filed a motion to cancel judgment. The motion alleged that Fitch "has been negotiating with potential buyers of property held by him and others in Marshall County. Said buyers will not go through with the sale while the judgment remains on the land rolls of Marshall County." As "the Letter of Credit functions as a cash bond in the amount of 120% of the April 12, 2005 Judgment[,]" Fitch argued that the motion ought to be granted because "regardless of the outcome on appeal of this matter, [Valentine's] right

2

to recover the full amount of their judgment including interests and costs is completely secured." In response, Valentine refused to cancel the judgment. He asserted that "[a] judgment so enrolled shall be a lien upon and bind all property of the defendant within the county where so enrolled, from the rendition thereof . . . ." *See* Miss. Code Ann. Section 11-7-191. Valentine argued that the lien was not removed by the letter of credit.

¶5. On January 26, 2006, the circuit court entered an order denying the motion to cancel judgment. The court concluded that the motion "is not well taken as the merits of the case [are] currently on [a]ppeal and, therefore, finds that this Court lacks jurisdiction to grant the relief requested." On February 3, 2006, Fitch filed a notice of appeal from the order denying his motion to cancel judgment.[1]

## ISSUE

¶6. This Court will consider:

> (1) Whether the circuit court erred in finding it had not retained jurisdiction to decide the question concerning release of the judgment lien.

## STANDARD OF REVIEW

¶7. "Jurisdictional issues are reviewed by this Court *de novo*." ***Jones v. Billy***, 798 So. 2d 1238, 1239 (Miss. 2001) (citing ***Harrison v. Boyd Miss., Inc.***, 700 So. 2d 247, 248 (Miss. 1997)) (emphasis added).

---

[1]This is the subject of the appeal presently before this Court.

## ANALYSIS

¶8.    An enrolled judgment "shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof . . . ."  Miss. Code Ann. Section 11-7-191 (Rev. 2004).  *See also* **TXG Intrastate Pipeline Co. v. Dean**, 716 So. 2d 991, 1020 (Miss. 1997) (quoting **Simmons v. Thomas**, 827 F. Supp. 397, 401 (S.D. Miss. 1993) ("A judgment, when enrolled in Mississippi, becomes a lien upon the property of the defendant within the county where the judgment is enrolled from the date of enrollment and priority is established from that day forward.")); **Williams & Freeman v. Bosworth**, 102 Miss. 160, 163, 59 So. 6, 7 (1912) ("whenever a judgment is enrolled it becomes a lien upon and binds all property of the defendant in the county where so enrolled ... .").  On April 12, 2005, the judgment was filed by the circuit court and unquestionably became a lien upon Fitch's property within Marshall County.

¶9.    Following judgment, the Mississippi Rules of Appellate Procedure provide:

> [t]he appellant shall be entitled to a *stay of execution of a money judgment pending appeal if* the appellant gives a *supersedeas bond*, payable to the opposite party, with two or more sufficient resident sureties, or one or more guaranty or surety companies authorized to do business in this state, in a penalty of 125 percent of the amount of the judgment appealed from, conditioned that the appellant will satisfy the judgment complained of and also such final judgment as may be made in the case. . . . [T]he approval of the supersedeas bond by the clerk shall constitute a stay of the judgment.

4

Miss. R. App. P. 8(a) (emphasis added).[2]  The Comment to Miss. R. App. P. 8(a) notes that "[t]he *purpose* of a supersedeas bond is to preserve the *status quo* while *protecting* the judgment creditor's rights pending appeal." (Emphasis added).  *See also Deal v. Wilson*, 922 So. 2d 24, 29 (Miss. Ct. App. 2005) ("[t]he general purpose of [a supersedeas bond] is to effect the absolute security of the party affected by the appeal. [*Estate of Taylor v. Thompson*, 539 So. 2d 1029,] 1031 [(Miss. 1989)].  'The amount of a supersedeas bond should be sufficient to protect the appellee in his judgment; therefore, it should insure the payment of the judgment and interest, and any waste that could occur pending the appeal.'").  Here, the letter of credit was intended to act "as security for [the] judgment[,]" and was approved by the circuit court in lieu of a supersedeas bond, without objection by Valentine.

¶10.    "'Jurisdiction' is a broad term, and has been defined in countless ways by courts.  Generally speaking, it means the power or authority of a court to hear and decide a case."  *Penrod Drilling Co. v. Bounds*, 433 So. 2d 916, 922 (Miss. 1983).  In *Pittman v. Commonwealth Nat'l Life Ins. Co.*, 562 So. 2d 73 (Miss. 1990), this Court held that even after the trial court had lost jurisdiction on the *merits*, it "still retains jurisdiction to cause its *orders* to be *executed*."  *Id*. at 74 (emphasis added).  Fitch argues that:

---

[2]Miss. R. App. P. 8(b)(1) provides:

[a]pplication for a stay of the judgment or the order of a trial court pending appeal or for approval or disapproval of a contested supersedeas bond . . . must ordinarily be made in the first instance to the trial court.  The court shall require the giving of security by the appellant in such form and in such sum as the court deems proper, and for good cause shown may set a supersedeas bond in an amount less than the 125 percent required in cases under Rule 8(a).

[t]he lower court retained sufficient jurisdiction over the premises to take the action requested despite the filing of the Notice of Appeal. ... Alternatively, the lower court possessed the inherent power to grant the relief requested where equity so demanded and that authority was not exhausted by the filing of the notice of appeal.

He asserts that "the question before the lower court was whether the *status quo* would be maintained should the relief be granted. The lower court retains inherent jurisdiction to ensure compliance with all of its orders rendered in the case." In making this argument, Fitch cites no on-point authority but "reasons from authority generally applicable to questions of residual subject matter jurisdiction coupled with the spirit and public policy behind the rules governing post appeal actions in the lower court and maintenance of the *status quo*." He seeks a "remand ... to the lower court for further proceedings to determine whether the *status quo* would be detrimentally affected by the cancellation or, alternatively, instruct[ions to] the lower court to release the judgment lien." In response, Valentine contends that Fitch incorrectly states that "by virtue of the Letter of Credit, the status quo is protected and 'there is no good reason not to cancel the judgment enrolled in Marshall County.'" Valentine counters:

> [w]hat if for some reason the Bank of Holly Springs decides not to or declines to fulfill their duty? What if the Bank of Holly Springs files for bankruptcy? While these are extreme examples, if they were to occur, the status quo would not be protected since [Valentine] would be in a worse position than he was in at the time of enrollment of the judgment and upon the sale of the assets [Valentine] has no recourse.

(Emphasis added). Essentially, Valentine argues that if the judgment is cancelled, then the status quo is not protected. If the status quo is not protected, then the merits of the case are affected, and the circuit court is left without jurisdiction.

6

¶11.  This Court agrees with Fitch that the trial court "retains jurisdiction to cause its *orders* to be *executed*." ***Pittman***, 562 So. 2d at 74 (emphasis added).  However, Fitch is not simply requesting execution of the circuit court order.  The order of the circuit court merely approved the letter of credit in lieu of a supersedeas bond and stayed execution of judgment.  That order did not cancel the judgment, which is what Fitch's subsequent motion requested.  In short, Fitch requested to have his judgment removed from the judgment roll of Marshall County so that potential buyers of his property therein would proceed with their purchase.

¶12.  In order to remove a judgment from the judgment roll:

> [a]ny attorney of record representing a *plaintiff or plaintiffs* in the case may, for and on behalf of his client or clients, satisfy in whole or in part a judgment on such Judgment Roll by endorsing thereon the extent of such satisfaction and signing an entry so showing, and when so satisfied the clerk shall attest and subscribe such endorsement under the proper heading therein.  When any judgment shall otherwise be satisfied, the clerk shall so enter under proper heading and subscribe the entry.

Miss. Code Ann. Section 11-7-189(2) (Rev. 2004).  Fitch admits that "Section 11-7-189(2) provides [Valentine] with complete power over removal of a judgment from the judgment roll upon its entry by the clerk."  However, Fitch asserts that "regardless of the outcome on appeal of this matter, [Valentine's] right to recover the full amount of his judgment including interest and costs was and is completely secured."  Therefore, as "[Valentine] never objected to the posting of the Letter of Credit in the lower court nor at any time sought to vacate the stay accompanying the posting[,] ... [Valentine] should not be heard now to contend that his rights as a judgment creditor were in any way impaired pending appeal on the underlying merits of the appeal."  Valentine responds that "the Motion to Cancel should be denied

7

because it is contrary to the laws of Mississippi and in direct conflict with Miss. Code Ann. Section 11-7-191." He states that:

> [a]s an accommodation to [Fitch], counsel for [Valentine] by agreement allowed [Fitch] to post a Letter of Credit in lieu of a supersedeas bond. This afforded [Fitch] a substantial savings while protecting the rights of [Valentine]. This was a substitution of security *only*, and was *not* a surrender of the rights that he had available during the appeal process. This substitution did *not* affect the lien placed on all of the property of [Fitch] located in Marshall County, Mississippi by virtue of the judgment.

(Emphasis added). Stated succinctly, Valentine argues that Miss. Code Ann. Section 11-7-191 mandates the presence of a lien following an enrolled judgment, and Miss. Code Ann. Section 11-7-189(2) provides such judgment may only be removed from the judgment roll of Marshall County by the endorsement of Valentine. As Valentine refuses to authorize cancellation of the judgment, he argues that it must remain on the judgment roll of Marshall County.

¶13. This Court finds that the order of the circuit court simply substituted the letter of credit in lieu of a supersedeas bond. That order did not affect the underlying judgment lien mandated by Miss. Code Ann. Section 11-7-191. As Miss. Code Ann. Section 11-7-189(2) authorizes only Valentine to formally remove that judgment lien from the judgment roll of Marshall County, the circuit court would not have been merely executing its prior order had it granted the motion to cancel judgment. Such action would have extended beyond the circuit court's jurisdiction; and therefore, the circuit court properly denied the motion to cancel judgment.

**CONCLUSION**

¶14.    For these reasons, this Court affirms the circuit court's order denying Fitch's motion to cancel judgment.

¶15.    **AFFIRMED**.

**SMITH, C.J., WALLER AND COBB, P.JJ., DIAZ, CARLSON AND DICKINSON, JJ., CONCUR.  GRAVES, J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**