KITCHENS, Justice,
concurring in part and dissenting in part:
¶23. I agree with the majority’s reasoning that whether the Rankin County School District was entitled to discretionary-function immunity under the Mississippi Tort Claims' Act (MTCA) should be determined by the test this Court articulated in Brantley v. City of Horn Lake, 152 So.3d 1106 (Miss.2014), and not by the public-policy function test. However, the Rankin County School District waived the applicability of discretionary-function immunity, regardless of which test is applied, by waiting, without justification, nineteen months before asserting this affirmative defense in its motion for summary judgment. I therefore respectfully concur in part and dissent in part.
¶ 24. John Doe, acting on behalf of his daughter, Jane Doe, filed a complaint in the Rankin County Circuit Court, naming the Rankin County School District as the defendant. On January 8, 2010, the Rankin County School District filed its answer to John Doe’s complaint, raising discretionary-function immunity under the Mississippi Tort Claims Act as its seventh affirmative defense. Subsequently, both parties engaged in discovery, including filing interrogatories and requests for production of documents. Further, the school district filed motions for extensions of time on February' 25, 2010, and on June 24, 2010, seeking more time to comply with Doe’s discovery requests. On May 19, 2010, the school district executed a subpoena duces tecum for Jane Doe’s records at the Rankin County Child Advocacy Center. The Rankin County Circuit Court entered an agreed order on September 1, 2010, allowing the release of Bart’s youth court records.[6] With the attendance arid *623 the participation of the school district, John Doe deposed five witnesses. The school district took the depositions of John Doe and Jane Doe. On April 26,2011, the parties entered into an agreed scheduling order. . On August 19, 2011, more than nineteen months after it had filed its answer, the Rankin County School District filed a motion, for summary judgment, raising the affirmative defense of discretionary-function immunity under the MTCA. On November 16, 2011, the Rankin County Circuit Court granted summary judgment in favor of the school district on that basis.
¶ 25. The majority finds, in the absence of citation, that the school district did not waive its discretionary-function immunity defense, because. [t]he “case necessitated thorough discovery of a sensitive nature, which it took reasonable time to conduct.” Maj. Op. at f 14. The Mississippi Legislature has determined that governmental entities and their employees are exempt from liability in. certain situations outlined in the MTCA. Miss.Code Ann. § 11-46-9 (Rev. 2012). “This, exemption, like that of qualified or absolute immunity, is an entitlement not to stand trial rather than a mere defense to .liability and, therefore, should be resolved at the earliest possible stage of litigation.” Mitchell v. City of Greenville, 846 So.2d 1028, 1029 (¶ 8) (Miss.2003). Section 11 — 46—9(l)(d) of the Mississippi Code, the discretionary-function exception, provides immunity from claims “[biased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]” Miss.Code Ann. § 11 — 46—9( 1)(d) (Rev. 2012). Our precedent characterizés “MTCA immunity as an affirmative defense.” Estate of Grimes ex rel. Grimes v. Warrington, 982 So.2d 365 (Miss.2008).
. ¶ 26. In MS Credit Center, Inc. v. Horton, 926 So.2d 167 (Miss.2006), this Court held that
A defendant’s failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver.
Horton, 926 So.2d at 180. The Court explained in a footnote that “[t]o pursue an affirmative defense or other such rights, a party need only assert it in a pleading, bring it to the court’s attention by motion, and request a hearing.” Id. at 181 n. 9 (emphasis added).
¶ 27. In Grimes, this Court considered whether the failure of the defendant physician to assert a defense of immunity under the MTCA for five years, during which time the defendant physician actively participated- in the litigation process, constituted a waiver under Horton. Grimes, 982 So.2d at 369. In that case, the plaintiff filed a complaint against the defendant physician on June 4, 2001. Id. at 370. On June 27, 2001, the defendant timely filed an answer to the .plaintiffs complaint in which he asserted tort-claims immunity, but he waited until August 3, 2006, more than five years later, to pursue a motion for summary judgment on the basis of the MTCA. Id. The defendant actively participated in the litigation as well: “the case was set and twice reset for -trial, experts were designated and deposed on the merits of the negligence claim, and [the defendant] filed' a motion in limine to exclude part of Grimes’s expert’s testimony.” Id. This Court held that the defendant had waived Tort Claims Act immunity and re *624 versed and remanded the case for trial on the merits. Id.
¶ 28. Similarly, in Horton, we held that, by waiting eight months to assert its right to compel arbitration and by participating in the litigation process, a defendant had waived this affirmative defense as a matter of law. Horton, 926 So.2d at 181. In East Mississippi State Hospital v. Adams, we determined that the defendant had waived its insufficiency-of-process and insufficiency-of-service-of-process defenses “by failing to pursue them until almost two years after they raised them in their answer while actively participating in the litigation.” E. Miss. State Hosp. v. Adams, 947 So.2d 887, 890-91 (Miss.2007). Finally, in Meadows v. Blake, we found that the defendants had forfeited their ability to succeed on the basis of affirmative defenses when they waited two years to assert their affirmative defenses and participated in discovery. Meadows v. Blake, 36 So.3d 1225, 1232-33 (Miss.2010).
¶ 29. In this case, the Rankin County School District actively participated iri discovery, as evidenced by, inter alia, its engaging in seven witness depositions, its obtaining and executing a subpoena duces tecum for Jane Doe’s Rankin County Child Advocacy Center records, its requesting the release of Bart’s youth court records, its answering interrogatories, its responding to documents requests, its requesting two extensions to comply with discovery requests, and its entering into an agreed scheduling order. Significantly, nineteen months elapsed between the point in time when the Rankin County School District asserted discretionary-function immunity as an affirmative defense in its answer and its filing a motion for summary judgment, requesting judgment as a matter of law on the basis of this defense. Thus, the majority errs in determining that the school district did not waive its immunity defense.
¶ 30. Moreover, the majority errs in determining that the school district’s belated' motion for summary judgment was justified because “[t]his case necessitated thorough discovery of a sensitive nature.” Maj. Op. at ¶ 14. But thé school district, in its answer filed just over one month after the filing of Doe’s complaint, pled as an affirmative defenses “all applicable provisions of the'Mississippi Tort Claims Act,” “all defenses and limitations listed in 11-46-9,” and “defenses of discretionary, executive, and/or legislative authority, function, and/or duty,” The school district then, nineteen months later and after having participated actively in the litigation, moved for summary judgment, arguing entitlement to discretionary-function immunity pursuant to the Mississippi Tort Claims Act. The nature of an affirmative defense assumes that, even if the plaintiff “proves everything he alleges and asserts, even so, the defendant wins.” Hertz Commercial Leasing Div. v. Morrison, 567 So.2d 832, 835 (Miss.1990). With that in mind, the majority’s attempt to distinguish this case from Horton and its progeny fails. Whether the school district was entitled to discretionary-function immunity constitutes a question of law which no amount of discovery would have made more apparent.
¶ 31. Justice Dickinson’s concurrence asserts that a plaintiff is barred from asserting the Horton doctrine for the first time in a Rule 59(e) motion for reconsideration, as Doe did here. This Court reviews a trial court’s denial of a Rule 59 motion under an abuse-of-discretion standard. Bang v. Pittman, 749 So.2d 47, 52 (Miss.1999), overruled on other grounds by Cross Creek Productions v. Scafidi, 911 So.2d 958 (Miss.2005).
¶ 32. Certainly, the better practice would have been for Doe to have advanced his Horton argument in his response to *625 the school district’s motion for summary judgment. But Doe’s bad timing does not mean that he was barred from asserting that argument in his Rule 59(e) motion for reconsideration.
¶ 33. A Rule 59(e) motion is substantially different from a Rule 60(b) motion. Bruce v. Bruce, 587 So.2d 898, 904 (Miss.1991) (“[T]he movant under Rule.59 bears a burden considerably lesser than a mov-ant under Rule 60(b).... [T]he trial court has considerably broader discretionary authority under Rule 59(e) to grant relief than it does under Rule 60(b).!’). Furthermore “[w]hen hearing a motion under Rule 59(e), a trial court proceeds de novo, if not ab initio.” Id. at 904. Thus, when considering a Rule 59(e) motion, a trial court must give no deference to the facts or pleadings that it previously has considered. See id. This Court’s purpose in promulgating Rule 59 is stated thusly: “Recognizing that to err is human, Rule 59(e) provides the trial court the proverbial chance to correct its own error to the end that we may pretermit the occasion for a less than divine appellate reaction.” • Id. Further, in Bang v. Pittman, we held that, in order'to succeed on a Rule 59 motion, the movant must show: “(i) an intervening change hi controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice.” Bang, 749 So.2d at 52; accord In re R.J.M.B, 133 So.3d 335, 339 (Miss.2013); Brooks v. Roberts, 882 So.2d 229, 233 (Miss.2004). A movant cannot assert that there is an “intervening change in controlling law” or “availability of new evidence not previously available” and not simultaneously proclaim a novel argument which had not been made in the trial court previously. See id. Indeed, in order to render a decision consistent with our case law and our stated purpose for the promulgation of Rule 59, we must recognize that, under rare circumstances consistent with Bang v. Pittman, a party may assert new arguments, including the Horton doctrine, in a Rule 59(e) motion. See Bang, 749 So.2d at 52.
¶ 34. In this case, .there was “an apparent need to correct a clear error of the law and to prevent a manifest injustice.” See id. The trial court erroneously granted summary judgment in favor of the school district on the basis of an affirmative defense that it had waived by waiting nineteen months between filing its answer and asserting the' defense in a motion for summary judgment. As a matter of law, under Horton and its progeny, the school district was not entitled to summary judgment. See Horton, 926 So.2d at 173. Thus, the trial'court abused its discretion by failing to grant Doe’s Rule 59(e) motion, in which Doe rightly asserted that the school district was not entitled to summary judgment on-the basis of Horton.
¶ 35. In sum, I agree with the majority’s holding that whether Rankin County School District was entitled to discretionary-function immunity under the Mississippi Tort Claims Act (MTCAJ should be determined by the test this Court articulated in Brantley v. City of Horn Lake, 152 So.3d 1106 (Miss.2014), and not by the public-policy function test. However, the Rankin County School District waived the applicability of discretionary-function immunity by waiting nineteen months before asserting this affirmative defense in its motion for summary judgment. I therefore respectfully concur in part and dissent in part.
LAMAR AND KING, JJ., JOIN THIS OPINION.

. Section 43-21-261 of the Mississippi Code governs disclosure of youth court records and states that:
[RJecords involving children shall not be disclosed, other than to necessary staff of the youth court, except pursuant to an order of the youth court specifying the person or persons to whom the records may be disclosed, the extent of the records which may be disclosed and the purpose of the disclosure, Such court orders for disclosure shall be limited to those instances in which the youth court concludes, in its discretion, that disclosure is required for the best interests of the child, the public safety or the function of the youth court.
Because of this statutory prohibition against revealing the contents of youth court records and because youth court records are at issue in this case, the pseudonym Bart, instead of *623 his real name; , is appropriate, for the alleged perpetrator of Jane Doe’s sexual assault.