# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01369-COA

**WILLIE J. McCHESTER**                                                     **APPELLANT**

v.

**DOROTHY A. EDWARD McCHESTER**                                 **APPELLEE**

DATE OF JUDGMENT:           06/04/2018
TRIAL JUDGE:                HON. JENNIFER T. SCHLOEGEL
COURT FROM WHICH APPEALED:  HARRISON COUNTY CHANCERY COURT,
                            FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:     WILLIE J. McCHESTER (PRO SE)
ATTORNEY FOR APPELLEE:      DOROTHY A. EDWARD McCHESTER
                            (PRO SE)
NATURE OF THE CASE:         CIVIL - DOMESTIC RELATIONS
DISPOSITION:                AFFIRMED IN PART; APPEAL DISMISSED
                            IN PART - 03/10/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., TINDELL AND C. WILSON, JJ.**

**J. WILSON, P.J., FOR THE COURT:**

¶1.     Willie J. McChester attempts to appeal from a judgment granting a divorce to his ex-wife, Dorothy A. Edward McChester, on the ground of desertion. However, Willie failed to file a timely notice of appeal from that judgment. Therefore, we lack jurisdiction to review—and must dismiss the appeal from—the final judgment of divorce.

¶2.     Willie did file a timely notice of appeal from the chancery court's subsequent order denying his motion for a new trial. However, Willie's motion for a new trial was not filed within ten days of the judgment, as required by Mississippi Rule of Civil Procedure 59.

Therefore, the chancery court correctly held that Willie's motion could only be considered under Mississippi Rule of Civil Procedure 60, and the chancery court did not abuse its discretion by denying Willie's motion under Rule 60. Therefore, we affirm the order denying Willie's motion.

## FACTS AND PROCEDURAL HISTORY

¶3. In December 2016, Willie McChester filed a pro se complaint for divorce against his wife, Dorothy, in the Harrison County Chancery Court. Willie alleged that he had been a resident of Harrison County for at least six months, though Dorothy remained a resident of Hinds County, where the couple resided prior to their separation. Willie sought a divorce based on irreconcilable differences. He did not allege any fault-based ground for divorce. In January 2017, Dorothy filed a pro se "response" to the complaint. Dorothy confirmed that she was a resident of Hinds County, and she requested a divorce based on irreconcilable differences and Willie's desertion of her. In February 2017, without leave of the court, Willie filed a pro se amended complaint for divorce, alleging both irreconcilable differences and desertion. In March 2017, Dorothy filed another pro se response in which she again requested a divorce based on irreconcilable differences and Willie's desertion of her. She denied that she had deserted Willie.

¶4. In August 2017, the court entered an order addressing a discovery dispute. The court ruled that venue and jurisdiction in Harrison County were proper based on Willie's residence. The court also stated that it would consider transferring the case to Hinds County, where the marital property was located and Dorothy still resided, if a written motion to transfer venue

2

was filed. No such motion was filed, and the court administrator attempted to work with the pro se litigants to set a trial date. The case eventually was set for trial on March 13, 2018. Willie did not appear in court on that date. The court did not proceed with trial but instead entered an order on March 13, 2018, resetting the trial for May 30, 2018.

¶5. On May 22, 2018, Willie filed a motion to postpone the trial. Willie stated that he was scheduled to be admitted to the hospital for unspecified "treatment on his pre-existing health issues on May 25, 2018." He stated that his treatment was expected to require three to five days in the hospital followed by one to two weeks of recovery. Willie asked the court to provide him with potential trial dates in June or July. Willie did not attempt to notice his motion for a hearing prior to the trial date.

¶6. On May 30, 2018, Willie did not appear in court. The chancellor noted that Willie had failed to submit any documentation or medical evidence to support his request for a postponement. The chancellor asked Dorothy if she had any response to Willie's motion. Dorothy stated that she was prepared for trial and desired to move forward on her counterclaim for divorce based on desertion. She stated that it was a hardship for her to continue to have to travel from Jackson to Gulfport for court only to have Willie fail to appear. The chancellor then denied Willie's motion for a postponement based on the lack of supporting evidence and Willie's prior failure to appear. The chancellor ruled that Dorothy could proceed on her counterclaim for divorce based on desertion.

¶7. Dorothy then testified about the circumstances of Willie's departure from the marital home. The couple's problems began when Dorothy's grown daughter moved into the marital

3

residence around December 2014. Willie objected that Dorothy's daughter was not paying rent, and he became hostile toward Dorothy and her daughter. Dorothy asked Willie to attend marital counseling with their pastor, but Willie attended only one session and then refused to continue. On March 18, 2015, Willie appeared at the marital home with a large moving truck and took the parties' mattress, washer, and dryer with him, all of which Dorothy had to replace. He also took a 2010 Chrysler 300, even though Dorothy had made all of the payments on the car. Willie never returned to the marital home, although Dorothy testified that she would have been willing to accept him back for at least one year after he left. After Willie left, Dorothy had to pay various personal and business debts that the couple had incurred during the marriage.[1] Based on Dorothy's testimony, the chancellor granted Dorothy a divorce on the ground of desertion.

¶8. The chancellor awarded the marital home (along with the mortgage) to Dorothy.[2] The chancellor acknowledged that the home had been converted to marital use and that Willie had made small financial contributions to it. However, Dorothy owned the home prior to the marriage and had primarily paid for it herself. The chancellor awarded the Chrysler 300 and the associated debt to Willie. The chancellor awarded each party the personal property in his/her respective possession. Finally, the chancellor ruled that each party would be responsible for any debt that he/she had incurred since the date of their separation. The

---

[1] Dorothy and Willie co-owned a business that did screen printing and floral arrangements, among other things. Dorothy had to continue to make payments on a business loan after Willie left.

[2] Dorothy's Uniform Chancery Court Rule 8.05 financial statement estimated that the home was worth $225,000 with a mortgage balance of $178,500.

4

chancellor announced her rulings from the bench on May 30, 2018, and a final judgment of divorce memorializing the chancellor's rulings was entered on June 4, 2018. The judgment and the docket sheet indicate that copies were mailed to the parties.

¶9. On June 25, 2018, the court received a letter from Willie in which he asked the court administrator to provide him with potential trial dates in June or July. Apparently, Willie had not received the final judgment of divorce. On July 5, 2018, the court received a second letter from Willie requesting potential trial dates. Willie complained that the court's failure to respond to his prior requests for trial dates showed a lack of "respect" for him.

¶10. Willie learned at some point that a final judgment had been entered, and on July 24, 2018, he filed a motion for a new trial. Willie asked for a new trial on the ground that his motion for a postponement of the trial should have been granted. He also asserted that he did not receive a copy of the final judgment of divorce because it was sent to his old mailing address and to an email account that he "had closed . . . on or about April 1, 2018."

¶11. The court heard Willie's motion for a new trial on September 6, 2018. Willie alleged that some of Dorothy's trial testimony had been untrue. He also asserted that he did not receive a copy of the final judgment of divorce because the clerk sent the judgment to his old mailing address. Willie argued that the clerk should have known that he had moved because he had included his new address below the signature line of his motion to postpone the trial.[3] However, the chancellor stated that Willie had an obligation to inform the clerk of his new address because the clerk could not check every filing for new addresses.

---

[3] Willie had used an address on Crepe Myrtle Court throughout the case, but his motion to postpone the trial gave an address on English Manor Drive for the first time.

¶12. The court denied Willie's motion on September 7, 2018. The court ruled that the motion was not a timely motion for a new trial because it was filed "well-outside the ten day window prescribed by" Mississippi Rule of Civil Procedure 59. In addition, the court ruled that Willie had presented no evidence that would entitle him to relief under Mississippi Rule of Civil Procedure 60. On September 26, 2018, Willie filed a notice of appeal from both "the final judgment entered . . . on June 4, 2018, and the denial of [his motion for a new trial], by order entered on September 7, 2018."

**ANALYSIS**

¶13. Willie's brief on appeal primarily attacks the final judgment of divorce and the chancery court's denial of his motion to postpone the trial. However, Willie failed to file a timely notice of appeal from the final judgment of divorce. The judgment was entered on June 4, 2018, meaning that Willie had until July 5, 2018 to appeal. M.R.A.P. 4(a) (stating that a "notice of appeal . . . shall be filed . . . within 30 days after the date of entry of the judgment or order appealed from"). The deadline for filing a notice of appeal is mandatory and jurisdictional. M.R.A.P. 2(a), (c); *Bailey v. Chamblee*, 192 So. 3d 1078, 1081-82 (¶11) (Miss. Ct. App. 2016). Willie filed his notice of appeal 114 days after judgment was entered in the trial court. Therefore, the notice of appeal was untimely, and this Court lacks jurisdiction to review the underlying final judgment of divorce. *DeSoto County v. Standard Constr. Co.*, 283 So. 3d 102, 108 (¶20) (Miss. 2019).

¶14. Although a "*timely* motion" for a new trial under Rule 59 of the Mississippi Rules of Civil Procedure will extend the time for filing a notice of appeal from the underlying

6

judgment, M.R.A.P. 4(d) (emphasis added), Willie's motion for a new trial was *not* timely.

"A motion for a new trial shall be filed not later than ten days after the entry of judgment." M.R.C.P. 59(b).[4] In this case, Willie's motion for a new trial was filed forty-eight days after the chancery court entered the final judgment of divorce.[5] Therefore, as the chancery court correctly ruled, Willie's motion was not timely, and the motion did not extend the time for filing a notice of appeal from the underlying judgment of divorce.[6]

¶15.    Because Willie filed his motion for a new trial more than ten days after the entry of final judgment, the chancery court correctly ruled that the motion could only be considered under Mississippi Rule of Civil Procedure 60(b). *See, e.g.*, *DeSoto County*, 283 So. 3d at 106-07 (¶¶14-15); *Brown v. Blue Cane Cowart Tippo Water Ass'n Inc.*, No. 2018-CA-00242-COA, 2019 WL 2353421, at *6 (¶¶27-28) (Miss. Ct. App. June 4, 2019).  Willie did file his

---

[4] A trial court has no authority or discretion to extend Rule 59's ten-day deadline. *Carter v. Carter*, 204 So. 3d 747, 752 (¶18) (Miss. 2016).

[5] At the time he filed his motion for a new trial, Willie could have also filed a motion to extend or reopen the time for taking an appeal from the final judgment of divorce. *See* M.R.A.P. 4(g)-(h).  However, Willie only filed an (untimely) motion for a new trial.

[6] Our Supreme Court has held that an untimely Rule 59 motion can extend the time for filing a notice of appeal if the non-movant responds to the motion in the trial court and "fail[s] to object at the trial level to the timeliness of the . . . untimely motion." *DeSoto County*, 283 So. 3d at 106 (¶13) (discussing *Wilburn v. Wilburn*, 991 So. 2d 1185, 1190-91 (¶¶11-13) (Miss. 2008)); *accord Massey v. Oasis Health & Rehab of Yazoo City LLC*, 269 So. 3d 1242, 1250-51 (¶¶18-20) (Miss. Ct. App. 2018) (discussing *Wilburn*).  Thus, in *Wilburn* and *Massey*, a motion filed eleven days after the judgment was entered extended the time for taking an appeal because the non-movant responded to the motion in the trial court without objecting to it as untimely.  *Wilburn*, 991 So. 2d at 1190-91 (¶¶11-13); *Massey*, 269 So. 3d at 1250-51 (¶¶18-20).  In this case, however, the thirty-day window for filing a notice of appeal had *already expired before* Willie filed his untimely motion for a new trial.  Willie's untimely motion could not extend or toll a time period that had already expired.

notice of appeal within thirty days of the chancery court's order denying the motion. Therefore, we do have jurisdiction to review the chancery court's ruling on that motion. *DeSoto County*, 283 So. 3d at 108 (¶20). However, "an appeal from a denial of [a Rule 60(b)] motion brings up for review only the order of denial itself *and not the underlying judgment*." *Id.* (emphasis added) (quoting *Overbey v. Murray*, 569 So. 2d 303, 305 (Miss. 1990)). Therefore, while we can review the denial of Willie's motion based on the law and standard of review applicable to motions under Rule 60(b), we cannot directly review the underlying final judgment of divorce.

¶16.    We review the denial of a motion under Rule 60(b) only for an abuse of discretion. *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984). The movant under Rule 60(b) bears a considerably higher burden than a movant under Rule 59. *Bruce v. Bruce*, 587 So. 2d 898, 904 (Miss. 1991). "Rule 60(b) is designed for the extraordinary, not the commonplace." *Id.* In the civil context, it "is the functional equivalent of an application for post-conviction relief." *Id.*

¶17.    On appeal, Willie argues that relief was warranted under Rule 60(b) because Dorothy's testimony before the chancery court amounted to "fraud" and because the chancellor should have granted his motion to postpone the trial. With respect to Dorothy's testimony, Willie does not dispute that he left the marital home in March 2015, never to return. Rather, he only vaguely alleges that Dorothy committed some unspecified fraud in order to retain unspecified property related to his business. Willie provided the chancery court with no evidence to support his claim of fraud. Therefore, we cannot say that the

8

chancery court abused its discretion by denying relief under Rule 60(b) on this ground.

¶18. Nor did the chancery court abuse its discretion by denying relief under Rule 60(b) based on Willie's failure to appear at trial. Willie failed to appear even though he knew or should have known that the court had not granted his request for a continuance. A party has an obligation to appear at the time set for trial. *See* UCCR 1.05 ("When any civil action has been set for, or adjourned to, a particular day or hour, all officers, parties, witnesses and solicitors whose presence is necessary for the trial shall be present promptly at the time set."). Even if Willie had filed a timely notice of appeal from the underlying judgment, we would review the denial of a continuance only for an abuse of discretion. *In re Dissolution of Marriage of Profilet*, 826 So. 2d 91, 93 (¶6) (Miss. 2002). As the chancery court noted, Willie failed to provide any documentation to show that his unspecified health issues prevented him from appearing in court on May 30, 2018. Nor did Willie follow up with the court after filing his motion. Under these circumstances, the court did not abuse its discretion by denying Willie's motion to postpone the trial. *Johnson v. Johnson*, 281 So. 3d 70, 74 (¶16) (Miss. Ct. App. 2019) (holding that the chancellor did not abuse her discretion by denying a continuance where husband provided no "verification of his claim that he was hospitalized"); *see also Profilet*, 826 So. 2d at 94 (¶11) (holding that the chancellor did not abuse her discretion by proceeding with trial where husband and his attorney failed to obtain a ruling on his motion for a continuance and failed to appear in court for trial).

¶19. It necessarily follows that the court did not abuse its discretion by denying Willie's Rule 60(b) motion. Put simply, Willie's unexcused failure to appear at trial is not a basis for

relief. As our Supreme Court has stated, "gross negligence, ignorance of the rules, or ignorance of the law is not enough" to set aside a judgment under Rule 60(b). *Stringfellow*, 451 So. 2d at 221.

## CONCLUSION

¶20. Willie's attempt to appeal from the final judgment of divorce is dismissed for lack of appellate jurisdiction. The chancery court's subsequent order denying Willie's untimely motion for a new trial (after treating it as a motion under Rule 60(b)) is affirmed.

¶21. **AFFIRMED IN PART; APPEAL DISMISSED IN PART.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**