ROBERTS, J.,
for the Court:
MODIFIED OPINION ON MOTION FOR REHEARING
¶ 1. This case is before us on a motion for rehearing; the original opinion is withdrawn and substituted with this opinion. The question presented is whether a timely filed motion to alter or amend a judgment under Mississippi Rule of Civil Procedure 59(e) tolls the applicable statute of limitations for the purpose of filing a new complaint. In the previous opinion issued by this Court, we agreed with the circuit court that a Rule 59(e) motion did not toll the statute of limitations, and we affirmed the dismissal of Sweet Valley Missionary Baptist Church’s second complaint. Sweet Valley now seeks rehearing, arguing this Court’s decision was in error. Our previous decision was reached, in part, because of a lack of authority supporting Sweet Valley’s position. We now reconsider this decision. We find that despite the lack of case law directly on point, precedent suggests — and logic dictates — that a timely filed Rule 59(e) motion continues the tolling of the statute of limitations. Therefore, we reverse the circuit court’s finding that the second complaint was untimely filed.
FACTS AND PROCEDURAL HISTORY
¶2. Sweet Valley Missionary Baptist Church a/k/a HUB Community Baptist Church suffered property damage during Hurricane Katrina, which struck the Mississippi Gulf Coast on August 29, 2005. On October 14, 2005, Sweet Valley’s insurance carrier, Alfa Insurance Corporation, paid Sweet Valley $9,951.89 on its claim. Sweet Valley alleges this amount was below its policy limit and did not cover all the losses to its property. No other payment was made by Alfa on the claim.
¶ 3. On August 29, 2008, exactly three years after Hurricane Katrina, Sweet Valley filed its first complaint in the Marion County Circuit Court against Alfa, alleging breach of contract. The parties proceeded with discovery. However, according to the circuit court judge, Sweet Valley failed to cooperate in discovery, failed to adhere to *685 the scheduling order, and failed to appear at a scheduled hearing on the matter. Further, there was a problem with one of Sweet Valley’s attorneys, Marc Frisch-hertz, being admitted pro hac vice. Frischhertz believed he had been admitted to practice pro hac vice in Mississippi, when in fact he had not. Because of these issues, the circuit court dismissed Sweet Valley’s first complaint without prejudice on July 1, 2009.
¶4. Seven days later, on July 8, 2009, Sweet Valley filed a motion to set aside the dismissal. After a hearing on the matter, the circuit court denied Sweet Valley’s motion. On the same day its motion was denied, January 29, 2010, Sweet Valley filed a new complaint against Alfa. On June 18, 2010, Alfa filed a motion to dismiss the second complaint, claiming the three-year statute of limitations had expired. The parties agreed that the statute of limitations was tolled during the pen-dency of the lawsuit; however, Alfa argued that the statute of limitations had begun to run again on July 1, 2009 — the date the motion to dismiss was granted. Sweet Valley countered that the statute of limitations had continued to be tolled until January 29, 2010 — the date its motion to set aside the dismissal was denied. The circuit court agreed with Alfa that the statute of limitations had begun running again on July 1, 2009. The circuit court determined that, as of July 1, 2009, there were forty-six days remaining on the three-year statute of limitations, making the statute of limitations expire on August 16, 2009. Since-Sweet Valley’s second complaint was not filed until January 29, 2010, the circuit court dismissed the complaint as untimely. It is from the dismissal of this second complaint that Sweet Valley now appeals.
¶ 5. On rehearing, Sweet Valley asserts again that its second complaint was timely filed. We agree. The judgment of the circuit court dismissing the second complaint is reversed, and this case is remanded for reinstatement on the circuit court’s docket.
STANDARD OF REVIEW
¶ 6. When reviewing a circuit court’s grant or denial of a motion to dismiss, this Court applies a de novo standard of review. Scaggs v. GPCH-GP Inc., 931 So.2d 1274, 1275 (¶ 6) (Miss.2006). Issues concerning the statute of limitations are questions of law, which are reviewed de novo. Lincoln Elec. Co. v. McLemore, 54 So.Sd 833, 835 (¶ 10) (Miss.2010).
DISCUSSION
I. JURISDICTION
¶ 7. Although not raised by either party, we must first address whether this Court has jurisdiction to hear this matter, as the motion for rehearing was untimely filed.
¶ 8. Mississippi Rule of Appellate Procedure 40(a) states that “[a] motion for rehearing may be filed within Ik days after a decision is handed down on the merits of a case by the Supreme Court or the Court of Appeals.” (Emphasis added). The opinion for which Sweet Valley seeks rehearing was handed down on the merits by this Court on June 19, 2012. The motion for rehearing was filed on July 25, 2012 — outside the fourteen-day time period.
¶ 9. It appears Sweet Valley erroneously believed it was timely filing the motion based on a letter- it received from the Clerk of the - Court dated July 10, 2012. This is the date the mandate issued. The mandate is issued as directed by Mississippi Rule of Appellate Procedure 41(b), which states: “Unless otherwise ordered, the mandate of the Court of Appeals shall issue 21 days after the latest of: the entry *686 of judgment; the disposition of a timely motion for rehearing; or the denial or dismissal of a petition for certiorari review in the Supreme Court.” Because fourteen days passed and no rehearing was filed, nor was there a motion for additional time to file for rehearing, the Clerk of the Court issued the mandate twenty-one days after the judgment of this Court.
¶ 10. We would ordinarily lack jurisdiction because Sweet Valley failed to comply with Rule 40(a). However, in cases where we deem justice so requires, this Court “may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction....” M.R.A.P. 2(c). Because this matter is of significant importance in setting precedent, we find it necessary to suspend the rules and consider the merits of this case. Thus, we use our authority under Rule 2(c) to recall the mandate and issue a modified opinion on rehearing.
II. STATUTE OF LIMITATIONS
¶ 11. Sweet Valley contends the circuit court erred in finding the statute of limitations had expired before the motion to set aside the judgment was decided. Sweet Valley argues the statute of limitations was tolled by the filing of that motion on July 8, 2009, and continued to be tolled until January 29, 2010, when it was ruled on by the circuit court. Although the motion is not included in the record, Sweet Valley claims its motion was filed pursuant to Mississippi Rule of Civil Procedure 59(e). Since, the motion was filed within ten days of the July 1, 2009 dismissal and called into question the correctness of the judgment, we presume the motion was filed under Rule 59(e) as a motion to alter or amend the judgment. See Bruce v. Bruce, 587 So.2d 898, 904 (Miss.1991) (“[WJhere a motion calls into question the correctness of all or. any part of a judgment ... and where the motion is filed within the time allowed by Rule 59, we will presume that the motion has been filed under Rule 59 without regard to how it may be styled.”).
¶ 12. Sweet Valley offers no law to support its argument that the Rule 59(e) motion continued to toll the statute of limitations. This Court also has been unable to find support for this argument. Likewise, we can find no support for an argument to the contrary. We find the lack of precedent does not make Sweet Valley’s argument without merit; rather, it simply appears that this particular issue has not reached the appellate level in Mississippi.
¶ 13. Regarding the effects of Rule 59(e) motions in other matters, the Mississippi Supreme Court has held that Rule 59(e) motions stay the thirty-day time period to appeal and the enforceability of judgments. See Bruce, 587 So.2d at 903. This is because “Rule 59(e) motions go to the heart of the matter to those issues predicate to a decision on the merits.” Bruce, 587 So.2d at 903 (citing Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir.1988)). When a party files a Rule 59 motion after a notice of appeal has been filed, “[t]he appeal simply self-destructs.” Bruce, 587 So.2d at 901 (quoting 9 Moore’s Federal Practice ¶ 204.12[1], p. 4-70, n. 17 (1989)). A Rule 59 motion “stays the judgment and relates back, for all purposes resetting the appeals clock to the moment that judgment was entered and holding it there pending the motion.” Bruce, 587 So.2d at 901. In discussing the finality of verdicts in civil matters, the United States Supreme Court has stated the following in terms of the identically worded federal rules:
Rule 4(a)(4). of the Federal Rules of Appellate Procedure provides that a notice *687 of appeal filed before or while a timely Rule 59(e) motion is pending has no effect. Together, these Rules work to implement the finality requirement by preventing the filing of an effective notice of appeal until the District Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise might appear to be a final judgment.
Bruce, 587 So.2d at 901 (quoting Osterneck v. Ernst & Whinney, 489 U.S. 169, 173-74, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989)).
¶ 14. This is unlike a motion under Mississippi Rule of Civil Procedure 60(b) for relief from a judgment, which does not toll the time for appeal or enforceability of a judgment. Bruce, 587 So.2d at 903. A Rule 60(b) motion may be filed later than ten days after a judgment and seeks relief due to fraud, misrepresentation, or other misconduct of an adverse party. While Rules 59(e) and 60(b) overlap, “Rule 60(b) is for extraordinary circumstances, for matters collateral to the merits, and affords a much narrower range of relief than Rule 59(e).” Bruce, 587 So.2d at 903. “Rule 60(b) motions ... proceed on the assumption that the trial court has entered a valid and enforceable judgment which has become final.” Bruce, 587 So.2d at 904. In Davis v. Biloxi Public School District, 43 So.3d 1135, 1138 (¶¶ 9-10) (Miss.Ct.App.2009), we specifically found that pending Rule 60 motions do not toll the statute of limitations.
¶ 15. It stands to reason that if a Rule 59 motion tolls the time for appeal and the enforceability of a judgment, it would also toll the statute of limitations. Unlike Rule 60 motions, Rule 59(e) motions go directly to the merits of a decision and affect its finality. As stated by the Supreme Court in Ostemeck, a judgment is not final until the court has disposed of the pending Rule 59 motion. Ostemeck, 489 U.S. at 173-74, 109 S.Ct. 987. Until then, the judgment “might appear to be a final judgment,” but it is not final. Id. Further, it would not be in the best interest of judicial economy to force litigants with an impending statute of limitations to file a new complaint without first having the option to move to alter or amend the judgment. If a plaintiff were to risk waiting on the disposition of a Rule 59(e) motion when the statute of limitations was drawing near, the plaintiff would be left with no remedy if the plaintiff did not prevail on the motion and the statute of limitations had run. Filing a new complaint while a motion is pending in the first matter is not an option, as the second complaint would be dismissed based on the principle of priority jurisdiction. See Parmley v. Pringle, 976 So.2d 422, 426 (¶ 15) (Miss.Ct.App.2008). Because it is consistent with our law and would otherwise leave a plaintiff with no remedy, we find a timely filed motion to alter or amend the judgment under Rule 59(e) continues the tolling period of the applicable statute of limitations.
¶ 16. Having found the statute of limitations was tolled until the circuit court ruled on Sweet Valley’s Rule 59(e) motion, we find the second complaint was timely filed. The three-year statute of limitations began to run on October 14, 2005, when Alfa allegedly only partially paid Sweet Valley’s claim. Sweet Valley filed its original complaint on August 29, 2008, forty-six days prior to the expiration of the statute of limitations. The statute of limitations was tolled until the case was dismissed on July 1, 2009. The statute of limitations was further tolled by the Rule 59 motion, which was denied on January 29, 2010. Sweet Valley filed its second complaint the same day the motion was denied; thus, the second complaint was within the statute of limitations.
*688 ¶ 17. We find the circuit court erred in dismissing Sweet Valley’s complaint filed on January 29, 2010. Thus, the judgment of the circuit court is reversed, and this case is remanded for reinstatement on the docket.
¶ 18. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR REINSTATEMENT ON THE CIRCUIT COURT’S DOCKET. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ„ CONUR. JAMES, J., NOT PARTICIPATING.