# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01804-COA

**BRENDA THORNTON**                                                                 **APPELLANT**

**v.**

**ANDY FREEMAN**                                                                       **APPELLEE**

DATE OF JUDGMENT:                11/29/2016
TRIAL JUDGE:                     HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:       PIKE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:         DENNIS C. SWEET III
                                 DENNIS CHARLES SWEET IV
ATTORNEYS FOR APPELLEE:          MARK C. CARLSON
                                 PRICE WILSON DONAHOO
NATURE OF THE CASE:              CIVIL - PERSONAL INJURY
DISPOSITION:                     AFFIRMED: 03/27/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE IRVING, P.J., FAIR AND WESTBROOKS, JJ.

### FAIR, J., FOR THE COURT:

¶1.    This case concerns a dispute over the sufficiency of service of the summons and complaint in a personal injury suit. The circuit court found numerous defects in the service, one being that there was no evidence Brenda Thornton had mailed copies of the summons and complaint to Andy Freeman's address following the service on his father, as required by Mississippi Rule of Civil Procedure 4(d)(1)(B). On appeal, Thornton does not challenge that finding. For that reason alone, the service was ineffective, and we affirm the circuit court's grant of summary judgment.

### DISCUSSION

### 1. Sufficiency of Process

¶2.     Thornton and Freeman devote most of their arguments to the question of whether Freeman's father was at Freeman's usual place of abode or in the driveway of his own home across the street.  But, as we said, it is clear that the service was ineffective for another reason, and thus it is not necessary to address the question of where Thornton's father was when he was served.

¶3.     The procedural posture of this case is unusual in two respects.  First, while Freeman did assert the defense of insufficiency of process in his answer, it was only in the most general and conclusory terms.  To properly raise the defense, the objection should have contained more detail: "Objections to the sufficiency of process must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized." *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1400 (7th Cir. 1993) (quoting *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986)); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 at 341 (3d ed. 2004). Failure to adequately raise the defense of insufficiency of service in the answer or a pre-answer motion should have barred the issue from consideration.  *See* M.R.C.P. 12(h). Nonetheless, Thornton has made no objection to the sufficiency of the raising of the defense in Freeman's answer, and thus she has waived the issue—waiver of a defense can itself be waived.  *See Fortner v. Specialty Contracting LLC*, 217 So. 3d 736, 745-46 (¶31) (Miss. Ct. App. 2017).

¶4. The second procedural irregularity is the way the issue was presented to the trial court, in a motion for summary judgment. The parties—and to a lesser extent the circuit court—repeatedly have employed or referenced the summary judgment standard in evaluating the sufficiency of the service of process. On appeal, the parties continue to argue about a genuine issue of material fact as to the service of the summons. *See* M.R.C.P. 56(c). Instead, the question of sufficiency of process should have been addressed under Rule 12(b)(5). The circuit court should have held a preliminary hearing and was free to make its own findings of fact, even if the facts were contested. *See* M.R.C.P. 12(d); *Johnson v. Rao*, 952 So. 2d 151, 154 (¶9) (Miss. 2007); *see also* 5B Wright & Miller § 1353 at 340.

¶5. Thornton has made no complaint about the application of the summary judgment standard, perhaps because she could only benefit from it; under the summary judgment standard, Thornton would prevail if there was a genuine issue of material fact as to whether service was effected. But because she failed to make a prima facie case that the summons and complaint were properly served, we do not see this error as to the legal standard as impacting the result and requiring reversal.

¶6. There is also a concern with the nature of the judgment below. A dismissal under Rule 12(b)(5) should be entered without prejudice, but a summary judgment is with prejudice and precludes refiling of the complaint. *See* M.R.C.P. 12; M.R.C.P. 56. Nonetheless, the circuit court did not grant the summary judgment based on the insufficiency of process alone; rather, the basis for the circuit court's order was that the statute of limitations had run on the

negligence cause of action as a result of Thornton's failure to effect service. Since that appears to be the case, and Thornton has not argued the grant of summary judgment was erroneous if the service was properly quashed, we do not see this issue as an impediment to affirming the summary judgment.

¶7. Turning to the merits of the sufficiency of service of the summons and complaint, Mississippi Rule of Civil Procedure 4(d)(1) states that the summons and complaint shall be served:

> Upon an individual other than an unmarried infant or a mentally incompetent person,
>
> (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or
>
> (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.

The service in this case was argued to have been made under Rule 4(d)(1)(B) by serving Freeman's father at Freeman's usual place of abode. The process server executed an affidavit stating that he effected "personal service" on Freeman's father, but the affidavit did not state that the process server had mailed the summons and complaint to the address afterwards as the rule requires. The process server further admitted during his deposition that

4

he did not do the mailing; he stated that it would have been done by the attorney's office, but it is apparent that he lacked any personal knowledge as to whether it was or was not done in this case.

¶8.    At the hearing on the summary judgment motion, Thornton's attorney asserted that he was unaware that mailing was an issue, though in fact the issue was raised repeatedly and at length in Freeman's briefs in support of summary judgment, and Freeman produced affidavits from his wife and himself to the effect that they had not received a summons and complaint in the mail at their home address.  At the hearing, Thornton's attorney did represent to the circuit court that the summons and complaint had been mailed, but he did not claim to have done it himself or otherwise assert personal knowledge; he said it would have been done by someone in his office and that he would have produced affidavits or other evidence if he had been aware the mailing was at issue.  Since the attorney did not represent that he had personal knowledge of the mailing, his assertion lacked any evidentiary value. *See Handy v. Madison County Nursing Home*, 192 So. 3d 1005, 1010 (¶16) (Miss. 2016).

¶9.    The trial court's judgment enjoys a presumption of correctness. *See Birkhead v. State*, 57 So. 3d 1223, 1231 (¶28) (Miss. 2011).  As the appellant, Thornton is required "to demonstrate some reversible error to [the appellate court]." *See id.*; *see also* M.R.A.P. 28(a)(6). But she has entirely failed to address the issue of the mailing in her appellant's brief.  And since mailing is required for service under Rule 4(d)(1)(B), Thornton cannot show that the trial court erred in finding that the service was ineffective.  We affirm the

judgment on that basis alone.

¶10.   In the alternative, the record shows that Thornton produced no evidence of the mailing.  As the plaintiff, she bore the initial burden of showing effective service of the summons and complaint.  *See* 5B Wright & Miller § 1353 at 342-44.  Since Thornton produced no evidence that the summons and complaint had been mailed as required by Rule 4(d)(1)(B), that burden was not met.  We find no error in the trial court's determinations that the summons and complaint were not mailed and that process was ineffective.

## 2.     Further Discovery

¶11.   In her final issue, Thornton argues that the trial court erred in deciding the summary judgment issue without providing her with an opportunity to depose Freeman and his wife. Thornton bases this argument on Mississippi Rule of Civil Procedure 56(f), which states:

> **When Affidavits Are Unavailable.**  Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

¶12.   The Mississippi Supreme Court has held, however, that to be entitled to relief under Rule 56(f), "the party resisting summary judgment must present specific facts why he cannot oppose the motion and must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."  *Owens v. Thomae*, 759 So. 2d 1117, 1120 (¶12) (Miss. 1999) (citation omitted).  Thornton fails to meet this requirement; her brief contains no

6

specifics whatsoever except that she would have liked to have inspected the properties of Freeman and his father, something which would have had no effect on the result of the case since it hinges on whether the summons and complaint were mailed. Indeed, Thornton's attorney admitted at the hearing that he could have proven that mailing was done as required by Rule 4(d)(1)(B) if he had realized mailing was at issue, using witnesses who were readily available to him.

¶13. Thornton has failed to show any error on this point.

¶14. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**