# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00233-COA

**HAROLD ARRINGTON**                                                                                    **APPELLANT**

**v.**

**JUSTIN ANDERSON**                                                                                         **APPELLEE**

DATE OF JUDGMENT:               11/10/2020
TRIAL JUDGE:                           HON. KELLY LEE MIMS
COURT FROM WHICH APPEALED:   LEE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       ANNA MARIE CHANDLER
ATTORNEYS FOR APPELLEE:       JASON RANDOLPH HOLLINGSWORTH
                                       GOODLOE TANKERSLEY LEWIS
NATURE OF THE CASE:             CIVIL - PERSONAL INJURY
DISPOSITION:                        AFFIRMED - 10/11/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., WESTBROOKS AND SMITH, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.     Harold Arrington filed two identical negligence claims against Justin Anderson in the County Court of Lee County.  In response to the complaints, Anderson filed motions for summary judgment.  After a hearing, the county court treated the motions for summary judgment as motions to dismiss, and the county court granted the motions.

¶2.     Arrington appealed to the Lee County Circuit Court.  On appeal, the circuit court entered an order affirming the county court's orders.  Arrington now appeals.

¶3.     After our review, we find no error.  We accordingly affirm the circuit court's judgment.

## FACTS

¶4.     On February 6, 2015, Arrington and Anderson were in an automobile accident. On February 5, 2018, one day before the three-year statutory limitations period for negligence claims expired,[1] Arrington filed a complaint ("Suit One") against Anderson and Allstate Insurance Company, Arrington's insurance company, asserting negligence and seeking damages for injuries that Arrington claimed resulted from the automobile accident.[2]

¶5.     A summons for Suit One was issued on June 4, 2018—119 days after Arrington filed the complaint. *See* M.R.C.P. 4(h) (requiring service of summons and complaint be made within 120 days of filing the complaint). On June 5, 2018, Arrington filed a motion seeking an extension of time to serve Anderson with process. That same day, Arrington also filed a new, identical complaint ("Suit Two") against Anderson.

¶6.     On June 6, 2018, the county court granted Arrington's motion seeking an extension of time to serve process in Suit One. On October 3, 2018, Arrington served Anderson with the summons and complaint in Suit One. The parties dispute the exact date of service in Suit Two, but the record reflects that at some point in early October 2018, Anderson was served in Suit Two.[3]

¶7.     On October 22, 2018, Anderson filed a motion to dismiss Suit Two for being filed

---

[1] Miss. Code Ann. § 15-1-49(1) (Rev. 2019).

[2] The record reflects that Allstate Insurance Company was never served with process in this case, and it is not a party to this appeal.

[3] Anderson's affidavit in the record reflects that he was served with the summons and complaint in Suit Two on October 5, 2018. However, Arrington maintained that he served Anderson on October 1, 2018.

outside the statute of limitations and for violating the laws prohibiting claim-splitting. On November 8, 2019, Anderson filed a motion for summary judgment seeking dismissal of Suit One for insufficient process or service of process and seeking dismissal of Suit Two as both time-barred and prohibitive claim-splitting. Anderson filed two separate summary judgment motions—one for each suit—but the motions were identical.

¶8. On January 13, 2020, the county court judge held a hearing on Anderson's motions. At the hearing, Anderson clarified that his motion for summary judgment was actually a motion to dismiss. Regarding Suit One, Anderson maintained that no summons was issued to him. Anderson explained that the summons in Suit One was actually issued for Allstate Insurance Company, but the name Allstate Insurance Company was "whited out" with liquid paper and had "Justin Anderson" handwritten on the summons in its place.

¶9. The county court judge examined the summons at issue and stated it appeared that the summons was issued to Allstate Insurance Company and that the name "Allstate Insurance Company" was then whited out with liquid paper and had Anderson's name written over it. To determine whether the summons in Suit One was altered before or after it was issued by the county court clerk, the county court judge heard testimony from the court clerk who issued the summons in Suit One. The clerk testified that she executed the summons in Suit One but that she did not "white-out" Allstate Insurance Company and write Anderson's name over it. The clerk stated that if she or someone in the clerk's office had made the alteration, it would have been copied as such in the court file. The clerk explained that when her office

3

issues a summons, she keeps a copy, and if she had already copied the summons before the party requested an alteration, then she would alter both the original and the copy. The judge found that the issued summons in the court file did not reflect any alteration.

¶10. The judge also heard testimony from the process server who served Anderson with the summons and complaint in Suit One. The process server testified that his wife had presented the summons to the clerk to be issued and that he was "fairly positive" the alteration was in his wife's handwriting. The process server also stated that he "believe[d]" the alteration was made before the summons was issued.

¶11. After a discussion between the attorneys, the court clerk, and the county court judge's staff attorney, the judge determined that the summons served on Anderson in Suit One was not actually issued by the county court clerk. The judge then asked, "Does anybody have any different understanding of that?" Arrington's counsel answered, "No different understanding." The judge explained that at some point after the summons to Allstate Insurance Company was issued in Suit One, someone put liquid paper over the name "Allstate Insurance Company" and handwrote "Justin Anderson" over it to make it a summons to Anderson. The judge ruled that because the summons was altered after it left the clerk's office, it did not constitute a valid summons.

¶12. The judge held that because Anderson was served with the summons issued for Allstate Insurance Company, instead of Anderson, there was no valid service of process on Anderson in Suit One. The judge explained that he was treating the motion for summary

4

judgment as one to dismiss, regardless of its caption, and the county court ultimately dismissed Suit One for insufficient process and service and as being barred by the statute of limitations.

¶13. As for Suit Two, Anderson argued that it was filed outside of the statute of limitations. Anderson further asserted that no summons was issued for Suit Two and that no return of service for a summons in Suit Two existed. After hearing arguments, the county court judge agreed that the statutory limitations period had run prior to the filing of Suit Two. The county court dismissed Suit Two as time-barred and as prohibitive claim-splitting.

¶14. On February 10, 2020, the county court entered an order styled as one granting summary judgment and also as an order of dismissal. In the order, the county court dismissed Suit One for insufficiency of process, insufficiency of service of process, and the expiration of time in the statute of limitations. On February 12, 2020, the county court entered an order styled as one granting summary judgment and as an order of dismissal, and the county court dismissed Suit Two as time-barred.[4] The county court dismissed both suits with prejudice.

¶15. Arrington filed motions for reconsideration, which the county court denied. Arrington then appealed to the circuit court, asserting the following issues: (1) whether the county court erred in determining a material fact while considering a motion for summary judgment and (2) whether the county court erred in dismissing Suit Two. On appeal, the circuit court consolidated the cases.

---

[4] *See infra* note 8.

¶16. On November 10, 2020, the circuit court entered an order affirming the county court's orders. Arrington now appeals.

## STANDARD OF REVIEW

¶17. "When the county court sits as the fact-finder, the circuit court and this Court, as appellate courts, 'are bound by the judgment of the county court if supported by substantial evidence and not manifestly wrong.'" *Williams v. Carriere*, 324 So. 3d 354, 360 (¶14) (Miss. Ct. App. 2021) (quoting *Turnage v. Brooks*, 301 So. 3d 760, 763 (¶9) (Miss. Ct. App. 2020)).[5]

## DISCUSSION

### I. Suit One

¶18. On appeal, Arrington argues that the county court erred by determining an issue of material fact while considering Anderson's motion for summary judgment regarding Suit One. Specifically, Arrington asserts that the county court improperly made a determination

---

[5] Arrington argues that because Anderson filed the motion as one for summary judgment, then the summary judgment standard must apply: "The evidence must be viewed in the light most favorable to the party against whom the motion has been made." *Duckworth v. Warren*, 10 So. 3d 433, 436-37 (¶9) (Miss. 2009). Arrington therefore asserts that the circuit court erred in reviewing his appeal on the record, rather than de novo. However, as clarified by the circuit court in its order affirming the county court, Arrington confuses "de novo review" and "trial de novo." Uniform Civil Rule of Circuit and County Court Practice 5.01 provides that "[e]xcept for cases appealed directly from justice court or municipal court, all cases appealed to circuit court shall be on the record and not a trial de novo." UCRCCC 5.01. Arrington's appeal to the circuit court was based on the record and not a trial de novo, and in reviewing the case, the circuit court correctly applied a de novo standard.

6

as to whether the summons in Suit One was altered before or after it was issued by the county court clerk. Arrington maintains that issues of contested fact may not be determined by summary judgment.

¶19. In his motion for summary judgment, Anderson argued that Suit One should be dismissed on the grounds that Arrington failed to issue a sufficient summons to Anderson, and therefore service was insufficient. Anderson explained that the summons issued for Suit One was issued to Allstate Insurance Company, not Anderson. Anderson also asserted that on the original summons and complaint served upon Anderson, "Allstate Insurance Company" had been whited out with liquid paper and replaced with "Justin Anderson."

¶20. Rule 4 of the Mississippi Rules of Civil Procedure governs the issuance and form of summonses to be served upon defendants. The requirements in Rule 4(b) mandate that the summons "be directed to the defendant" and state "the name and address of the party to be served." M.R.C.P. 4(b). Anderson claimed that Arrington served him with a summons that was issued to Allstate Insurance Company, and the proper vehicle for challenging sufficiency of process is a motion to dismiss under Rule 12(b)(4). *See generally Thornton v. Freeman*, 242 So. 3d 188, 190 (¶4) (Miss. Ct. App. 2018). The Mississippi Supreme Court has clarified that

> [i]f the matter concerns the content of the summons, the motion should be made under Rule 12(b)(4). By contrast, a motion under Rule 12(b)(5) is the correct procedural vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint. When the defect consists of a misnamed defendant a challenge may be brought under either Rule 12(b)(4), since the summons contains an improper name, or under Rule 12(b)(5) if the

7

wrong party, someone not named in the summons, is served. Some courts will treat this problem under both Rules 12(b)(4) and (5).

*Pub. Emps.' Ret. Sys. of Miss. v. Dillon*, 538 So. 2d 327, 328 n.1 (Miss. 1988) (citations omitted).

¶21. During the hearing on his motions, Anderson clarified that his motion regarding Suit One was actually a motion to dismiss pursuant to Rule 12(b)(4), which governs sufficiency of process, rather than a motion for summary judgment. The county court judge confirmed that he considered Anderson's motion to be a motion to dismiss under Rule 12(b)(4), rather than a motion for summary judgment. The transcript reflects no objection by Arrington's counsel.

¶22. Upon our review, we find that the county court did not err in treating Anderson's motion for summary judgment as a motion to dismiss. Anderson's motion clearly stated that he was seeking dismissal of Arrington's complaint in Suit One due to insufficient process. Anderson also specified the facts surrounding his claim of insufficient process. At the county court hearing, Arrington did not object to the motion being treated as one to dismiss.

¶23. We further find that the county court did not err in dismissing Suit One due to insufficient process. This Court has stated that when faced with issues regarding sufficiency of process, the trial-level court should hold a preliminary hearing, at which the trial-level court is "free to make its own findings of fact, even if the facts [are] contested." *Thornton*,

8

242 So. 3d at 190 (¶4) (Miss. Ct. App. 2018) (citing M.R.C.P. 12(d);[6] *Johnson v. Rao*, 952 So. 2d 151, 154 (¶9) (Miss. 2007); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353, at 340). At the hearing, the county court heard arguments from both parties, as well as testimony from the clerk who issued the summons and the process server. The county court ultimately determined that the summons issued for Suit One and served on Anderson was not "directed to the defendant," as required by Rule 4. We therefore find that the county court's decision is supported by substantial evidence in the record.

¶24. Although a dismissal under Rule 12(b)(4) should be entered without prejudice, the county court dismissed the complaint in Suit One with prejudice. *See Thornton*, 242 So. 3d at 191 (¶6). However, as in *Thornton*, "we do not see this issue as an impediment" to affirming the dismissal in Suit One because the county court "did not grant the [dismissal] based on the insufficiency of process alone[.]" *Id.* The record reflects that in addition to insufficient process, the county court also found that the statute of limitations had run on the negligence cause of action. *See id.* The county court explained that Arrington did not serve Anderson with a sufficient summons within the time frame allowed by the order granting the motion to extend, and Arrington failed to request additional time to serve Anderson. *See Heard v. Remy*, 937 So. 2d 939, 944 (¶23) (Miss. 2006) (affirming order of dismissal in

___

[6] Rule 12(d) states that issues regarding sufficiency of process "shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial." M.R.C.P. 12(d).

similar context). We therefore find no error in the county court's dismissal with prejudice as to Suit One.[7]

## II. Suit Two

¶25. Arrington argues that the county court erred in finding that the complaint in Suit Two was barred by the statute of limitations.[8] Arrington claims that he filed Suit Two prior to the expiration of the 120-day tolling period provided by Suit One.

¶26. As stated, Arrington and Anderson were in an automobile accident on February 6,

---

[7] In his appellate brief, Arrington claims that Anderson failed to timely answer or respond to the complaint in Suit One. Arrington explains that he served Anderson with process on October 3, 2018, but Anderson took no action in response to the summons until more than a year later, when Anderson filed his motion for summary judgment.

Mississippi Rule of Civil Procedure 12(a) provides that within thirty days of the service of the summons and complaint, the defendant must serve either an answer or a motion under Rule 12(b). The record shows that Anderson was served in Suit One on October 3, 2018. Anderson did not file an answer, but he instead filed a motion for summary judgment on November 8, 2019. Mississippi Rule of Civil Procedure 56(b) provides that "[a] party against whom a claim, counter-claim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." M.R.C.P. 56(b). In his response to Anderson's motion for summary judgment, Arrington did not raise any issues regarding the timeliness of Anderson's motion. At the county court hearing, Arrington asserted that Anderson failed to file an answer or any response other than the motion for summary judgment. Arrington argued that because Anderson was timely served and failed to respond, Arrington should be allowed to proceed to trial on Suit One. However, the record reflects no attempt by Arrington to obtain an entry of default against Anderson pursuant to Mississippi Rule of Civil Procedure 55. Furthermore, we find that because service was insufficient, this issue is moot.

[8] Arrington does not raise any argument with regard to the issue of claim-splitting in Suit Two. Although the transcript from the hearing reflects that the county court judge stated he was dismissing Suit Two as barred by the statute of limitations and as prohibitive claim-splitting, the order of dismissal reflects that Suit Two was dismissed based on the expiration of the statute of limitations.

2015. Arrington filed his complaint in Suit One on February 5, 2018, one day before the three-year limitations period for negligence claims. *See* Miss. Code Ann. § 15-1-49(1). Pursuant to Rule 4(h),

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

M.R.C.P. 4(h). A summons for Suit One was issued on June 4, 2018—119 days after Arrington filed the complaint. On June 5, 2018, Arrington filed a motion seeking an extension of time to serve Anderson with process, which the county court granted. That same day, Arrington filed Suit Two against Anderson. The record shows that the complaint in Suit Two was identical to the complaint in Suit One. Arrington asserts that he filed Suit Two because he had trouble finding Anderson to serve him, and he was concerned that he might not be able to serve Anderson with process prior to the running of the 120 days provided by Rule 4(h) and the court's extension. Arrington argues that because he filed Suit Two within the 120-day tolling period provided by Suit One, his complaint in Suit Two was timely.

¶27. We recognize that "[t]he filing of an action tolls the statute of limitations until the expiration of the 120-day service period." *Watters v. Stripling*, 675 So. 2d 1242, 1244 (Miss. 1996). "In the event process is not served during the 120 day service period, the statute begins to run again." *Triple C Transp. Inc. v. Dickens*, 870 So. 2d 1195, 1199-1200 (¶34)

11

(Miss. 2004) (citing *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1185 (¶7) (Miss. 2002)). "In order to toll the statute of limitations beyond 120 days, the plaintiff must seek an enlargement of the Rule 4(h) deadline under Mississippi Rule of Civil Procedure 6 or *dismiss the suit and refile it.*" *Est. of Puckett v. Clement*, 238 So. 3d 1139, 1147 (¶22) (Miss. 2018) (emphasis added) (citing *Triple C Transp.*, 870 So. 2d at 1200 (¶34)). "[O]therwise, dismissal is proper." *Triple C Transp.*, 870 So. 2d at 1200 (¶34); *accord* M.R.C.P. 4(h).

¶28. Arrington cites *Triple C* and argues that he did refile the complaint in this case. However, as the circuit court explained in its November 10, 2020 order, Arrington did not dismiss Suit One and refile it; instead, he filed Suit Two while Suit One was still pending. This Court has held that "[f]iling a new complaint while a motion is pending in the first matter is not an option, as the second complaint would be dismissed based on the principle of priority jurisdiction." *Sweet Valley Missionary Baptist Church v. Alfa Ins. Corp.*, 124 So. 3d 683, 687 (¶15) (Miss. Ct. App. 2013). Furthermore, "allowing a plaintiff to file a second or subsequent complaint while a previously filed complaint is still pending in the same cause of action would extend the statute of limitations ad infinitum." *Parmley v. Pringle*, 976 So. 2d 422, 425 (¶11) (Miss. Ct. App. 2008). We therefore find that the county court did not err in dismissing Suit Two.

## CONCLUSION

¶29. After our review, we find no error, and we affirm the circuit court's judgment.

¶30. **AFFIRMED.**

**BARNES, C.J., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., AND McDONALD, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**